**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**YURI PETRINI
and JARROD LEWIS FUSCO**                                                    **PLAINTIFFS**

**VERSUS**                                                    **CAUSE NO. 1:26cv94-LG-BWR**

**KENNY GLAVAN, individually;
ANDREW "FOFO" GILICH, individually;
JERRY CREEL, individually;
CHRISTOPHER DE BACK, individually;
RICHARD WEAVER, individually;
MICHAEL WHITEHEAD, individually;
and the CITY OF BILOXI, MISSISSIPPI;**                                **DEFENDANTS**

---

**RICHARD WEAVER'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' COMPLAINT**

---

COMES NOW the Defendant, Richard Weaver ("Weaver"), by and through his undersigned counsel, Currie Johnson & Myers, P.A., and files this, his Answer and Affirmative Defenses to the Plaintiffs' Complaint as follows:

**FIRST AFFIRMATIVE DEFENSE**

Weaver asserts all defenses available to him as set forth in FRCP 12(b)(1) through 12(b)(7), along with those found in FRCP 4(c), 8(c), and 19.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs failed to follow the procedures set forth in Miss. Code Ann. § 11-46-1 *et seq.*, and therefore, their claims may be barred.

**THIRD AFFIRMATIVE DEFENSE**

Weaver is immune from suit under existing Mississippi law.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs' Notice of Claim also may have failed to comply with the provisions of Miss. Code Ann. §11-46-11, thereby requiring the dismissal of their Complaint.

## FIFTH AFFIRMATIVE DEFENSE

The damages of which Plaintiffs complains were proximately caused by the acts of a person(s) other than Weaver, whose acts constitute the proximate cause or independent intervening cause of Plaintiffs' alleged injuries, and Weaver seeks apportionment pursuant to Miss. Code Ann. § 85-5-7.

## SIXTH AFFIRMATIVE DEFENSE

The activities which are alleged in the Complaint are the activities which fall within the discretionary function of Weaver, and Weaver is thereby immune from liability under the law of the State of Mississippi.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to a trial by jury in this matter.

## EIGHTH AFFIRMATIVE DEFENSE

With respect to any state law claims, Weaver asserts any and all defenses available to him pursuant to Miss. Code Ann. § 11-46-9 et seq.

## NINTH AFFIRMATIVE DEFENSE

The allegations of this Complaint are not governed by any ministerial duty or function.

## TENTH AFFIRMATIVE DEFENSE

This action is governed by the provisions of the Mississippi Tort Claims Act, including, but not limited to, Miss. Code Ann. § 11-46-15, and any claim for the recovery of attorney's fees or punitive damages is barred.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by the applicable statute of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

Money damages would constitute unjust enrichment of the Plaintiffs herein.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs may have failed to mitigate their damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff Petrini has failed to show any property has been taken for public use and thus cannot support a claim for inverse condemnation/constitutional taking.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant Weaver did not act willfully or wantonly towards the Plaintiffs, act in a manner that would evoke outrage or revulsion in civilized society, act in any manner that was intended to cause harm to the Plaintiffs, and no actions by Weaver could foreseeably cause severe emotional distress or any other damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Weaver would affirmatively and alternatively state that Plaintiffs cannot attribute any wrongdoing to Weaver.

## SEVENTEENTH AFFIRMATIVE DEFENSE

At all times material hereto, Weaver acted in a reasonable and prudent manner and was justified in its actions. Therefore, Weaver is not liable to the Plaintiffs for any damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any damages the Plaintiffs may have suffered, the existence of which is hereby expressly denied, are speculative in nature. Therefore, Plaintiffs' damages are not recoverable.

### NINETEENTH AFFIRMATIVE DEFENSE

To the extent the Plaintiffs have been paid monies by other entities for alleged damages and injuries suffered in relation to this case, Weaver pleads the doctrine of accord and satisfaction and is entitled to a set off and/or credit for any such compensation received, should he be found liable to Plaintiffs, which is expressly denied.

### TWENTIETH AFFIRMATIVE DEFENSE

Weaver additionally pleads all defenses afforded under the Mississippi Tort Claims Act contained in Miss. Code Ann. § 11-46-1, et al.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Weaver affirmatively asserts he did not cause a physical invasion to occur on Plaintiffs' property(ies).

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs may have failed to join all necessary parties to this action pursuant to FRCP 19.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Plaintiffs lack standing to bring this case, and therefore the claim should be dismissed with prejudice.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs cannot show that they received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Weaver hereby gives notice that he intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and thus reserves the right to

amend his Answer to assert any such defenses.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Since this matter is in the early stages of litigation, and Weaver does not have the full benefit of discovery, he pleads all applicable affirmative rights and defenses available under federal and/or state law, rule or regulation, including but not limited to those defenses set forth in Rules 8 and 12 of the Federal Rules of Civil Procedure.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Weaver asserts qualified immunity against all individual claims the Plaintiffs have made against him in this Complaint under both federal and state law.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Weaver asserts legislative immunity against all individual claims the Plaintiffs have made against him in this Complaint under both federal and state law.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Without limiting any causes of action filed by the Plaintiffs that may be subject to dismissal by this Court pursuant to FRCP 12(b)(6), Weaver states that all claims by the Plaintiffs that he violated any constitutional rights the Plaintiffs held under any Amendment to the United States Constitution, including the First, Fourth or Fourteenth Amendments, fail to state a claim for which relief can be granted and should be dismissed with prejudice.

### THIRTIETH AFFIRMATIVE DEFENSE

Although denying that the Plaintiffs are entitled to an award of punitive damages or any such whatsoever in this matter against him under state or federal law, Weaver affirmatively states as follows:

1.      An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and § 14 of the Mississippi Constitution.

2.      No legislation has been enacted authorizing punitive damages in a civil action such as this or placing any limit on the amount of punitive damages awardable and/or, in the alternative, the provisions and procedures of Miss. Code Ann. § 11-1-65 are hereby invoked.

3.      An award of punitive damages in this civil action would violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and of § 14 of the Mississippi Constitution.

4.      The criteria used for determining whether and in what amount punitive damages may be awarded are impermissibly vague, imprecise and inconsistent and are, therefore, in violation of the due process provisions of the Fifth and Fourteenth Amendments to the Constitution of the United States.

5.      An award of punitive damages in this civil action would amount to an excessive fine in violation of the Eighth Amendment to the Constitution of the United States of America and of § 28 of the Mississippi Constitution.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs cannot recover punitive damages under 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986 and 42 U.S.C. § 1988 against Weaver.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

There can be no liability under 42 U.S.C. § 1983, against the Defendants based on the doctrine of *respondeat superior*.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

At all times, the employees of the City of Biloxi acted in good faith and without malice and therefore cannot be held civilly or criminally liable pursuant to Section 104.8 of the International Building Code and Section 104.8 of the International Residential Code as adopted by the City of Biloxi.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

Weaver pleads the defense of the public duty doctrine.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are not ripe.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

Defendant further pleads insufficiency of process and insufficient service of process pursuant to FRCP 12(b)(4) and 12(b)(5).

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

Weaver did not regulate or attempt to regulate Plaintiffs' engagement in protected speech.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs fail to state a claim for unreasonable seizure under the Fourth Amendment as no property, real or otherwise, has been seized by the City of Biloxi or any individual Defendants.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiffs fail to show an agreement between two or more persons to deprive them of their civil rights and thus their claim for conspiracy fails and should be dismissed with prejudice.

**FORTIETH AFFIRMATIVE DEFENSE**

Plaintiffs fail to show that there was a deprivation of their civil rights in furtherance of a conspiracy by a party to a conspiracy and thus their conspiracy claim should be dismissed with prejudice.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs fail to demonstrate an Equal Protection Clause violation as the Defendants' actions had no discriminatory effect and were not motivated by a discriminatory purpose.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff Petrini's claims involve the same parties and properties raised in 1:25-cv-00178, 1:25-cv-00233; and 1:25-cv-00254 and these repetitious claims should be barred by the rule against claim splitting.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

The Plaintiffs have improperly joined claims against parties that are both factually and legally unrelated.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' damages, if any, are speculative and Plaintiffs may not recover speculative damages.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff Petrini has engaged in attempts to improperly influence witnesses and accordingly his actions bar any equitable relief as he has unclean hands.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs seek certain relief that is not within the power of the District Court to grant.

**RESERVATION OF DEFENSES**

Weaver is without knowledge or information sufficient to form a belief as to whether other defenses or affirmative defenses apply in this matter. However, contingent on the facts revealed by investigation and discovery, Weaver expressly reserves his right to raise any additional defenses and affirmative defenses which may be applicable.

**ANSWER**

And now, in answering Plaintiffs' Complaint, paragraph by paragraph, Weaver responds as follows:

**INTRODUCTION**

1. The unnumbered paragraphs listed under the heading "INTRODUCTION" are denied.

**PARTIES, JURISDICTION, AND VENUE**

2. With respect to Paragraph 1 of Plaintiffs' Complaint, this Defendant would only admit that Plaintiffs claims this Court has subject matter jurisdiction over this matter.

3. With respect to Paragraph 2 of Plaintiffs' Complaint, this Defendant would only admit Petrini is a resident of Harrison County, Mississippi and has three pending federal civil rights actions before this Court. This Defendant lacks sufficient information to admit or deny the remaining allegations contained and therefore denies the same and demands strict proof thereof.

4. With respect to Paragraph 3 of Plaintiffs' Complaint, this Defendant would only admit Fusco is a Master Sergeant in the United States Air Force and the founder of Biloxi Politics Uncensored. This Defendant lacks sufficient information to admit or deny the remaining allegations contained and therefore denies the same and demands strict proof thereof.

5. Paragraph 4 of Plaintiffs' Complaint is admitted only to the extent it alleges the

individuals sued have been sued in their individual capacity. All remaining allegations contained in that paragraph, including that they are liable in their individual capacity, are hereby denied.

6.     With respect to Paragraph 5 of Plaintiffs' Complaint, this Defendant would only admit that Michael Whitehead is an attorney at Page Mannino Peresich & McDermott, PLLC and represents multiple City of Biloxi employees in 1:25-cv-00178 and 1:25-cv-00233. All remaining allegations contained in that paragraph, including that he is liable in his individual capacity, are hereby denied.

7.     With respect to Paragraph 6 of Plaintiffs' Complaint, this Defendant would only admit that the City of Biloxi, Mississippi is a municipal corporation subject to suit. All remaining allegations contained in that paragraph, including that it is liable to the Plaintiffs for any and all alleged damages, injuries, or rights violations, are hereby denied.

## FACTS

### A. The Stop-Work Order

8.     With regards to Paragraphs 7-10 of Plaintiffs' Complaint, this Defendant is without knowledge sufficient to admit or deny the allegations contained therein and therefore denies the same and demands strict proof thereof.

### B. The City's Military-Channel Investigation of Fusco

9.     With regards to Paragraph 11 of Plaintiffs' Complaint, this Defendant is without knowledge sufficient to admit or deny the allegations contained therein and therefore denies the same and demands strict proof thereof.

### C. The March 3, 2026 City Council Meeting

10.     Paragraph 12 of Plaintiffs' Complaint is admitted.

11.     Paragraphs 13-18 of Plaintiffs' Complaint are denied as written.

12.     With regards to Paragraph 19, it is only admitted that the recording of the meeting is posted on the City of Biloxi's YouTube channel.  This Defendant is without knowledge sufficient to admit or deny the remaining allegations contained and therefore denies the same and demands strict proof thereof.

**D. The City's Contact with Keesler Air Force Base**

13.     Paragraphs 20-23 are denied.

14.     Paragraph 24 is denied as written and demands strict proof thereof.

15.     With respect to paragraph 25 of Plaintiffs' Complaint, this Defendant is without knowledge sufficient to admit or deny the allegations contained therein and therefore denies the same and demands strict proof thereof.

**E. Additional Pattern of Evidence**

16.     With regards to Paragraph 26-32 of Plaintiffs' Complaint, this Defendant is without knowledge sufficient to admit or deny the allegations contained therein and therefore denies the same and demands strict proof thereof.

**F. The CIU Bulletin**

17.     With regards to Paragraphs 33-48 of Plaintiffs' Complaint, this Defendant is without knowledge sufficient to admit or deny the allegations contained therein and therefore denies the same and demands strict proof thereof.

**FEDERAL CLAIMS**

**COUNT I: FIRST AMENDMENT – VIEWPOINT DISCRIMINATION**

18.     Paragraphs 49-53 are directed towards other Defendants to which no response is required; however, in the event that a response is required by this Defendant, these paragraphs are denied.

**COUNT II: FIRST AMENDMENT – FREEDOM OF THE PRESS**

19.    Paragraphs 54-57 are directed towards other Defendants to which no response is required; however, in the event that a response is required by this Defendant, these paragraphs are denied.

**COUNT III: FIRST AMENDMENT – RETALIATION**

20.    Paragraph 58 appears to be an incorporating paragraph to which no response is required; however, in the event that a response is required, this paragraph is denied and all prior defenses and responses are incorporated herein.

21.    Paragraph 59 of Plaintiffs' Complaint is denied as written.

22.    Paragraphs 60-64 of Plaintiffs' Complaint are denied.

**COUNT IV: FOURTEENTH AMENDMENT – EQUAL PROTECTION (CLASS OF ONE)**

23.    Paragraphs 65-70 are directed towards other Defendants to which no response is required; however, in the event that a response is required by this Defendant, these paragraphs are denied.

**COUNT V: FOURTH AMENDMENT – UNREASONABLE SEIZURE**

24.    Paragraphs 71-75 are directed towards other Defendants to which no response is required; however, in the event that a response is required by this Defendant, these paragraphs are denied.

**COUNT VI: Section 1983 CONSPIRACY – THE COUNCIL MEETING**

25.    Paragraphs 76-79 are directed towards other Defendants to which no response is required; however, in the event that a response is required by this Defendant, these paragraphs

are denied.

## COUNT VII: SECTION 1983 CONSPIRACY – RETALIATORY STOP-WORK ORDER

26.     Paragraphs 80-81 are directed towards other Defendants to which no response is required; however, in the event that a response is required by this Defendant, these paragraphs are denied.

## COUNT VIII: SECTION 1983 CONSPIRACY – MILITARY RECONNAISSANCE

27.     Paragraphs 82-83 are directed towards other Defendants to which no response is required; however, in the event that a response is required by this Defendant, these paragraphs are denied.

## COUNT IX: SECTION 1983 CONSPIRACY – MILITARY RETALIATION

28.     Paragraph 84 appears to be an incorporating paragraph to which no response is required; however, in the event that a response is required, this paragraph is denied and all prior defenses and responses are incorporated herein.

29.     Paragraphs 85-86 are denied.

## COUNT X: MONELL MUNICIPAL LIABILITY

30.     Paragraphs 87-94 are directed towards other Defendants to which no response is required; however, in the event that a response is required by this Defendant, these paragraphs are denied.

## COUNT XI: FIRST AMENDMENT RETALIATION – CIU INTELLIGENCE BULLETIN

31.     Paragraphs 95-100 are directed towards other Defendants to which no response is required; however, in the event that a response is required by this Defendant, these paragraphs are denied.

**COUNT XII: FOURTH AMENDMENT PRETEXTUAL TARGETING DIRECTIVE**

32. Paragraphs 101-106 are directed towards other Defendants to which no response is required; however, in the event that a response is required by this Defendant, these paragraphs are denied.

**COUNT XIII: INFORMATIONAL PRIVACY – SSN DISTRIBUTION**

33. Paragraphs 107-112 are directed towards other Defendants to which no response is required; however, in the event that a response is required by this Defendant, these paragraphs are denied.

**COUNT XIV: PRIOR RESTRAINT – SUPPRESSION OF ANNOUNCED SPEECH**

34. Paragraphs 113-117 are directed towards other Defendants to which no response is required; however, in the event that a response is required by this Defendant, these paragraphs are denied.

**STATE CLAIMS**

**COUNT XV: MISSISSIPPI OPEN MEETINGS ACT VIOLATION**

35. Paragraphs 118-122 are directed towards other Defendants to which no response is required; however, in the event that a response is required by this Defendant, these paragraphs are denied.

**COUNT XVI: MISSISSIPPI CONSTITUTION – FREEDOM OF SPEECH AND PRESS**

36. Paragraph 123 appears to be an incorporating paragraph to which no response is required; however, in the event that a response is required, this paragraph is denied and all prior defenses and responses are incorporated herein.

37. Paragraph 124 is denied as written.

38. Paragraph 125 is denied.

**COUNT XVII: FALSE IMPRISONMENT**

39.    Paragraphs 126-129 are directed towards other Defendants to which no response is required; however, in the event that a response is required by this Defendant, these paragraphs are denied.

**COUNT XVIII: TORTIOUS INTERFERENCE WITH EMPLOYMENT**

40.    Paragraph 130 appears to be an incorporating paragraph to which no response is required; however, in the event that a response is required, this paragraph is denied and all prior defenses and responses are incorporated herein.

41.    Paragraph 131 is denied as written.

42.    Paragraphs 132-133 are denied.

**COUNT XIX: DEFAMATION PER SE**

43.    Paragraph 134 appears to be an incorporating paragraph to which no response is required; however, in the event that a response is required, this paragraph is denied and all prior defenses and responses are incorporated herein

44.    Paragraph 135 is denied as written.

45.    Paragraphs 136-137 are denied.

**PRAYER FOR RELIEF**

46.    The unnumbered paragraph beginning "WHEREFORE, Plaintiffs respectfully…" and subparagraphs (a)-(s) are hereby denied.  Further, this Defendant denies that the Plaintiffs are entitled to any relief or damages whatsoever whether not it was expressly or not expressly requested herein.

**JURY DEMAND**

47.    The unnumbered paragraph beginning "Plaintiffs demand trial…" is denied.

WHEREFORE, PREMISES CONSIDERED, Weaver prays that this Complaint will be dismissed, with prejudice, at the cost of the Plaintiffs, and the Defendant prays for such other relief as he may be entitled under law or equity.

RESPECTFULLY SUBMITTED, this the 28th day of April, 2026.

                                        **CURRIE JOHNSON & MYERS, P.A.**
                                        Attorneys for Richard Weaver


                        BY:      _s/ Zachary Cruthirds_
                                        ZACHARY CRUTHIRDS (106279)
                                        J. HENRY ROS (MSB 5668)
                                        **CURRIE JOHNSON & MYERS, P.A.**
                                        2355 Pass Road
                                        Biloxi, Mississippi 39531
                                        Telephone: (228) 385-1010
                                        Facsimile: (228) 385-1011
                                        Email: zcruthirds@curriejohnson.com
                                                 hros@curriejohnson.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have filed the above and foregoing pleading utilizing the ECF system a true and correct copy of the foregoing document and have mailed by United States Mail, postage prepaid, a true and correct copy of the above and foregoing pleading to the Pro Se Plaintiffs at their mailing addresses as follows:

Yuri Petrini
929 Division Street
Biloxi, MS 39530

Jarrod Fusco
435 Cove Dr
Biloxi, MS 39531

THIS this the 28th day of April, 2026.

*s/ Zachary Cruthirds*
ZACHARY CRUTHIRDS (106279)

ZACHARY CRUTHIRDS (106279)
J. HENRY ROS (MSB 5668)
**CURRIE JOHNSON & MYERS, P.A.**
2355 Pass Road
Biloxi, Mississippi 39531
Telephone: (228) 385-1010
Facsimile: (228) 385-1011
Email: zcruthirds@curriejohnson.com
        hros@curriejohnson.com