IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

YURI PETRINI and JARROD LEWIS FUSCO                    PLAINTIFFS

VERSUS                                    CAUSE NO. 1:26cv94-LG-RPM

KENNY GLAVAN, ET AL                                    DEFENDANTS

### ANDREW "FOFO" GILICH'S ANSWER AND
### DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

COMES NOW the Defendant, Andrew "Fofo" Gilich ("Gilich"), by and through his undersigned counsel, Currie Johnson & Myers, P.A., and files this his Answer and Affirmative Defenses to the Plaintiffs' First Amended Complaint and Jury Demand [ECF 18] as follows:

FIRST AFFIRMATIVE DEFENSE

Gilich asserts all defenses available to him as set forth in FRCP 12(b)(1) through 12(b)(7) along with those found in FRCP 4(c), 8(c) and 19. Defendant Gilich reserves the right to file a Motion to Dismiss the Complaint in its entirety as to himself pursuant to any of these rules any other defenses available to him.

SECOND AFFIRMATIVE DEFENSE

The Amended Complaint constitutes an impermissible shotgun pleading and therefore should be dismissed under the applicable Federal Rules of Civil Procedure.

THIRD AFFIRMATIVE DEFENSE

Gilich is immune from suit pursuant to legislative immunity against all claims Plaintiffs have made against him in this Amended Complaint under both federal and state law.

FOURTH AFFIRMATIVE DEFENSE

Gilich is immune from suit pursuant to the doctrine of qualified immunity.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs failed to follow the procedures set forth in Miss. Code Ann. § 11-46-1 *et seq.*, and therefore, their claims may be barred.

## SIXTH AFFIRMATIVE DEFENSE

Gilich is immune from suit under existing Mississippi law.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs' alleged Notice of Claim, if any, also may have failed to comply with the provisions of Miss. Code Ann. §11-46-11, thereby requiring the dismissal of their Complaint under any basis contained in the statute and state law including failure to file the proper notice and filing suit without waiting the requisite statutory period.

## EIGHTH AFFIRMATIVE DEFENSE

The damages of which Plaintiffs complain were proximately caused by the acts of a person(s) other than Gilich, whose acts constitute the proximate cause or independent intervening cause of Plaintiffs' alleged injuries, and Gilich seeks apportionment pursuant to Miss. Code Ann. § 85-5-7.

## NINTH AFFIRMATIVE DEFENSE

The activities which are alleged in the Complaint are the activities which fall within the discretionary function of Gilich, and Gilich is thereby immune from liability under the law of the State of Mississippi.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to a trial by jury in this matter.

## ELEVENTH AFFIRMATIVE DEFENSE

With respect to any state law claims, Gilich asserts any and all defenses available to him pursuant to Miss. Code Ann. § 11-46-9 et seq.

## TWELFTH AFFIRMATIVE DEFENSE

The allegations of this Complaint are not governed by any ministerial duty or function.

## THIRTEENTH AFFIRMATIVE DEFENSE

This action is governed by the provisions of the Mississippi Tort Claims Act, including, but not limited to, Miss. Code Ann. § 11-46-15, and any claim for the recovery of attorney's fees or punitive damages is barred.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by the applicable statute of limitations.

## FIFTEENTH AFFIRMATIVE DEFENSE

Money damages would constitute unjust enrichment of the Plaintiffs herein.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs may have failed to mitigate their damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff Petrini has failed to show any property has been taken for public use and thus cannot support a claim for inverse condemnation/constitutional taking.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant Gilich did not act willfully or wantonly towards the Plaintiffs, act in a manner that would evoke outrage or revulsion in civilized society, act in any manner that was intended to cause harm to the Plaintiffs, and no actions by Gilich could foreseeably cause severe emotional distress or any other damages.

3

NINETEENTH AFFIRMATIVE DEFENSE

Gilich would affirmatively and alternatively state that Plaintiffs cannot attribute any wrongdoing to Defendant Gilich.

TWENTIETH AFFIRMATIVE DEFENSE

At all times material hereto, Gilich acted in a reasonable and prudent manner and was justified in his actions. Therefore, Gilich is not liable to the Plaintiffs for any damages.

TWENTY-FIRST AFFIRMATIVE DEFENSE

Any damage the Plaintiffs may have suffered, the existence of which is hereby expressly denied, are speculative in nature. Therefore, Plaintiffs' damages are not recoverable.

TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent the Plaintiffs have been paid monies by other entities for alleged damages and injuries suffered in relation to this case, Gilich pleads the doctrine of accord and satisfaction and is entitled to a set off and/or credit for any such compensation received, should he be found liable to Plaintiffs, which is expressly denied.

TWENTY-THIRD AFFIRMATIVE DEFENSE

Gilich additionally pleads all defenses afforded under the Mississippi Tort Claims Act contained in Miss. Code Ann. § 11-46-1, et al.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

Gilich affirmatively asserts he did not cause a physical invasion to occur on Plaintiffs' property(ies).

TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs may have failed to join all necessary parties to this action pursuant to FRCP 19.

TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring this case, and therefore their claims should be dismissed with prejudice.

TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot show that they received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent.

TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Gilich hereby gives notice that he intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and thus reserves the right to amend his Answer to assert any such defenses.

TWENTY-NINTH AFFIRMATIVE DEFENSE

Since this matter is in the early stages of litigation, and Gilich does not have the full benefit of discovery, he pleads all applicable affirmative rights and defenses available under federal and/or state law, rule or regulation, including but not limited to those defenses set forth in Rules 8 and 12 of the Federal Rules of Civil Procedure.

THIRTIETH AFFIRMATIVE DEFENSE

Gilich asserts qualified immunity against all individual claims the Plaintiffs have made against him in this Amended Complaint under both federal and state law.

THIRTY-FIRST AFFIRMATIVE DEFENSE

Without limiting any causes of action filed by the Plaintiffs that may be subject to dismissal by this Court pursuant to FRCP 12(b)(6), Gilich states that all claims by the Plaintiffs that he violated any constitutional rights the Plaintiffs held under any Amendment to the

United States Constitution, including the First, Fourth or Fourteenth Amendments, fail to state a claim for which relief can be granted and should be dismissed with prejudice.

THIRTY-SECOND AFFIRMATIVE DEFENSE

Although denying that the Plaintiffs are entitled to an award of punitive damages or any such whatsoever in this matter against him under state or federal law, Gilich affirmatively states as follows:

1.      An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and § 14 of the Mississippi Constitution.

2.      No legislation has been enacted authorizing punitive damages in a civil action such as this or placing any limit on the amount of punitive damages awardable and/or, in the alternative, the provisions and procedures of Miss. Code Ann. § 11-1-65 are hereby invoked.

3.      An award of punitive damages in this civil action would violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and of § 14 of the Mississippi Constitution.

4.      The criteria used for determining whether and in what amount punitive damages may be awarded are impermissibly vague, imprecise and inconsistent and are, therefore, in violation of the due process provisions of the Fifth and Fourteenth Amendments to the Constitution of the United States.

5.      An award of punitive damages in this civil action would amount to an excessive fine in violation of the Eighth Amendment to the Constitution of the United States of America and of § 28 of the Mississippi Constitution.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs cannot recover punitive damages under 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986 and 42 U.S.C. § 1988 against Gilich.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

There can be no liability under 42 U.S.C. § 1983, against Gilich based on the doctrine of *respondeat superior*.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

At all times, the employees of the City of Biloxi acted in good faith and without malice and therefore cannot be held civilly or criminally liable pursuant to Section 104.8 of the International Building Code and Section 104.8 of the International Residential Code as adopted by the City of Biloxi.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Gilich pleads the defense of the public duty doctrine.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are not ripe.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Gilich further pleads insufficiency of process and insufficient service of process pursuant to FRCP 12(b)(4) and 12(b)(5).

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Gilich did not regulate or attempt to regulate Plaintiffs' engagement in protected speech.

### FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim for unreasonable seizure under the Fourth Amendment as no property, real or otherwise, has been seized by the City of Biloxi or any individual Defendant,

including Gilich

## FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to show an agreement between two or more persons to deprive them of their civil rights and thus their claim for conspiracy fails and should be dismissed with prejudice.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs fail to show that there was a deprivation of their civil rights in furtherance of a conspiracy by a party to a conspiracy and thus their conspiracy claim should be dismissed with prejudice.

## FORTY- THIRD AFFIRMATIVE DEFENSE

Plaintiffs fail to demonstrate an Equal Protection Clause violation as this Defendant's actions had no discriminatory effect and were not motivated by a discriminatory purpose.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff Petrini is not a qualified individual with a disability under the ADA.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff Petrini has not been denied meaningful access to the City's services, programs, or activities and was not otherwise discriminated against.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

This Defendant pleads the new business rule.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

This Defendant pleads the minutes rule under Mississippi law.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff Petrini's claims involve the same parties and properties raised in 1:25-cv-00178, 1:25-cv-00233, and 1:25-cv-00254 and these repetitious claims should be barred by the

rule against claim splitting.

## FORTY-NINTH AFFIRMATIVE DEFENSE

The Plaintiffs have improperly joined claims against parties that are both factually and legally unrelated.

## FIFTIETH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, are speculative and Plaintiffs may not recover speculative damages.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff Petrini has engaged in attempts to improperly influence witnesses and accordingly his actions bar any equitable relief as he has unclean hands.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs seek certain relief that is not within the power of the District Court to grant.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint may be barred by res judicata, collateral estoppel or issue preclusion.

## **RESERVATION OF DEFENSES**

Gilich is without knowledge or information sufficient to form a belief as to whether other defenses or affirmative defenses apply in this matter.  However, contingent on the facts revealed by investigation and/or discovery, Gilich expressly reserves his right to raise any additional defenses and affirmative defenses which may be applicable and seek damages pursuant to Rule 11 of the Federal Rules of Civil Procedure or Mississippi's Litigation Accountability Act.  Gilich

adopts and incorporates his original Answer and Affirmative Defenses filed in response to the original Complaint.

## ANSWER

And now, in answering Plaintiffs' Amended Complaint, paragraph by paragraph, Gilich responds as follows:

## PRELIMINARY STATEMENT

1. The unnumbered paragraph listed under the heading "PRELIMINARY STATEMENT" is denied.

## I.    PARTIES

2. With respect to Paragraph 1 of Plaintiffs' Amended Complaint under the heading "PARTIES", this Defendant would only state that this paragraph lists multiple parties but denies that any of the Defendants listed herein have any liability to Plaintiffs in any capacity whatsoever, and he would further deny the Amended Complaint filed by these Plaintiffs states any viable claims or causes of action as to any of these Defendants and therefore should be dismissed.

## II.    JURISDICTION AND VENUE

3. With Respect to Paragraph 2 of Plaintiffs' Amended Complaint under the heading "JURISDICTION AND VENUE", this Defendant would deny that there is proper jurisdiction or venue or that there is supplemental jurisdiction over any alleged state law claim and would further deny that the Amended Complaint states any viable claims or causes of action as to this Defendant and therefore should be dismissed.

## III.    STATEMENT OF FACTS

4. With respect to Paragraphs 3 through 8 of Plaintiffs' Amended Complaint under

the heading "STATEMENT OF FACTS" and the subheading "A. The October 1, 2025 Settlement", Defendant Gilich lacks sufficient information to admit or deny these allegations and therefore denies the same, and further states upon information and belief these paragraphs are misstatements and therefore denies the same.

5. With respect to Paragraphs 9 through 18 of Plaintiffs' Amended Complaint under the heading "STATEMENT OF FACTS" and the subheading "B. The November 7, 2025 Surveillance and Email", Defendant Gilich lacks sufficient information or belief to admit or deny the allegations contained therein except to admit that Michael Whitehead is a Mississippi-licensed attorney  who represents City employees in other federal litigation and therefore denies all allegations contained therein, and further denies that these paragraphs in any way relate to this Defendant or in any way state any viable claim as to this Defendant, and further asserts that the Amended Complaint as a whole or in part fails to state a claim as to this Defendant and should be dismissed with prejudice.

6. With respect to Paragraphs 19 through 43 of Plaintiffs' Amended Complaint under the heading "STATEMENT OF FACTS" and the subheading "C. The March 31, 2026 Whitehead Visit and CIU Bulletin", these paragraphs are denied as written.  Further, none of these paragraphs nor any paragraph contained in this Amended Complaint nor the Amended Complaint as a whole or in part states any claim as to this Defendant and therefore the Amended Complaint should be dismissed with prejudice.

7. With respect to Paragraphs 44 through 53 of Plaintiffs' Amended Complaint under the heading "STATEMENT OF FACTS" and the subheading "D. The March 3, 2026 Council Meeting", Defendant Gilich would only admit that the Biloxi City Council met on March 3, 2026, where Plaintiff Petrini appeared and addressed the Council and Plaintiff Fusco

disrupted the meeting,  and that a recording of the meeting was posted to the City's YouTube channel. Defendant Gilich would state that any events which occurred are recorded and further states neither he nor the council members or any employees of the City of Biloxi engaged in any wrongdoing or actionable conduct and would also state that these paragraphs do not state any claim or viable cause of action against this Defendant and therefore denies the same further stating that the Amended Complaint in whole or in part does not state a viable claim or cause of action against this Defendant and should be dismissed.

E. The Military-Channel Retaliation Against Plaintiff Fusco

8.     With respect to Paragraph 54, upon information and belief, this Defendant would only admit that Fusco may be active duty with the United States Air Force and stationed at Keesler Air Force Base.  Defendant would further state that these allegations do not state a viable cause of action or claim as to this Defendant and that the Amended Complaint, in whole or in part, does not state a viable claim or cause of action against this Defendant and therefore should be dismissed.

9.     With respect to Paragraphs 55 through 56 of Plaintiffs' Amended Complaint, Defendant denies these paragraphs as written and further denies that these paragraphs state viable claim or cause of action against this Defendant or that the Amended Complaint as a whole or in part states a viable claim or cause of action against this Defendant and therefore should be dismissed.

10.     Paragraph 57 of Plaintiffs' Amended Complaint is denied and Defendant further denies that these paragraphs state viable claim or cause of action against this Defendant or that the Amended Complaint as a whole or in part states a viable claim or cause of action against this Defendant and therefore should be dismissed.

11.     Paragraph 58 of Plaintiffs' Amended Complaint is denied.

12.     With respect to Paragraphs 59-63, Defendant lacks sufficient information or knowledge to admit or deny these allegations and therefore denies the same, and would further state that these allegations do not state a viable cause of action or claim as to this Defendant and that the Amended Complaint, in whole or in part, does not state a viable claim or cause of action against this Defendant and therefore should be dismissed.

13.     With respect to Paragraphs 64 through 67 of Plaintiffs' Amended Complaint under the heading "STATEMENT OF FACTS" and the subheading "F. The June 30, 2025 Stop-Work Order", this Defendant  would only admit that a stop-work order was issued but all other allegations are denied as written and Defendant would otherwise state that these allegations do not state a viable cause of action or claim as to this Defendant and that the Amended Complaint, in whole or in part, does not state a viable claim or cause of action against this Defendant and therefore should be dismissed.

G. The April 28, 2026 Coordinated Day

14.     With respect to Paragraphs 68 through 92 of Plaintiffs' Amended Complaint under the heading "STATEMENT OF FACTS" and the subheading "G. The April 28, 2026 Coordinated Day", this Defendant would only admit that a private individual Tara Ramage may have executed a charging affidavit against Plaintiffs Petrini and Fusco and that a regularly scheduled Biloxi City Council meeting was convened, but otherwise lacks sufficient information or knowledge to admit or deny the remaining  allegations and therefore denies the same, and would further state that these allegations do not state a viable cause of action or claim as to this Defendant and that the Amended Complaint, in whole or in part, does not state a viable claim or cause of action against this Defendant and therefore should be dismissed.

15.     Paragraph 93 of Plaintiffs' Complaint is admitted.

16.     With respect to Paragraphs 94 through 97 of Plaintiffs' Amended Complaint under the heading "STATEMENT OF FACTS" and the subheading "H. The April 29, 2026 Warrant", Defendant lacks sufficient information or knowledge to admit or deny these allegations and therefore denies the same, and would further state that these allegations do not state a viable cause of action or claim as to this Defendant and that the Amended Complaint, in whole or in part, does not state a viable claim or cause of action against this Defendant and therefore should be dismissed.

17.     Paragraph 98 of Plaintiffs' Amended Complaint is only admitted to the extent that Defendant Lusk, as specially appointed Municipal Court Judge, issued a warrant based upon probable cause authorizing Plaintiffs' arrest.  The remaining allegations are denied for lack of knowledge or information sufficient to form a belief concerning the same.

18.     Paragraph 99 of Plaintiffs' Amended Complaint is admitted.

19.     Paragraph 100 of Plaintiffs' Amended Complaint is admitted.

20.     Paragraph  101 of Plaintiffs' Amended Complaint is denied.

21.     Paragraphs 102 and 103 of Plaintiffs' Amended Complaint are denied as written.

22.     Paragraphs 104 and 105 of Plaintiffs' Amended Complaint are admitted.

23.     With respect to Paragraph 106 of Plaintiffs' Amended Complaint, it is only admitted that Defendant Lusk, as special judge, based on probable cause issued a warrant.  All other allegations contained therein are hereby denied.

24.     Paragraphs 107 through 109 of Plaintiffs' Amended Complaint are denied as written and it is further denied that the Amended Complaint as a whole or in part states any claim or viable cause of action against this Defendant and therefore should be dismissed.

25.     Paragraphs 110 through 111 of Plaintiffs' Amended Complaint are only admitted to the extent that specially appointed judges would be paid by the City of Biloxi.  Otherwise, these paragraphs are denied.

26.     Paragraph 112 of Plaintiffs' Amended complaint is hereby denied as written and it is further denied that the Amended Complaint as a whole or in part states any claim or viable cause of action against this Defendant and therefore should be dismissed.

27.     Paragraph 113 is admitted.

28.     Defendant denies paragraph 114 as written and would further state that these allegations do not state a viable cause of action or claim as to this Defendant and that the Amended Complaint, in whole or in part, does not state a viable claim or cause of action against this Defendant and therefore should be dismissed.

29.     Paragraphs 115 through 116 of Plaintiffs' Amended Complaint are admitted.

30.     Paragraphs 117 through 118 of Plaintiffs' Amended Complaint are denied as written.

31.     With respect to Paragraph 119 of Plaintiffs' Amended Complaint, this Defendant would only admit that any adjudicative acts performed by Judge Lusk would be performed in his capacity as a Special Municipal Court Judge for the City of Biloxi.  All other allegations contained therein are hereby denied.

32.     With respect to Paragraph 120 of Plaintiffs' Amended Complaint, this Defendant lacks sufficient information to admit or deny the allegations contained therein and therefore denies the same, further denying that this paragraph or any paragraph or the Amended Complaint, in whole or part, state a viable claim or cause of action and should be dismissed with prejudice.

33.     With respect to Paragraphs 121 through 147 under the heading "STATEMENT OF FACTS" and the subheading "I. The Operation Icebreaker Enterprise", this Defendant lacks sufficient information to admit or deny these allegations and therefore denies the same, and further denies that these allegations are directed at him or constitute a viable claim or viable cause of action as to this Defendant or that the Amended Complaint as a whole asserts a viable claim or viable cause of action as to this Defendant, and therefore should be dismissed.

34.     With respect to Paragraphs 148 through 162 under the heading "STATEMENT OF FACTS" and the subheading "J. The May 5, 2026 Arrest", this Defendant lacks sufficient information or knowledge to admit or deny these allegations and therefore denies the same. Further, this Defendant would state this paragraph does not assert a viable claim or cause of action against this Defendant and further states that the Amended Complaint does not state a viable claim or cause action against this Defendant and therefore should be dismissed.

35.     With respect to Paragraphs 163 through 180 of Plaintiffs' Amended Complaint under the heading "STATEMENT OF FACTS" and the subheading "K. The Harrison County Adult Detention Center Custody", these paragraphs do not appear to be directed at this Defendant and further this Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in these paragraphs and therefore denies the same, and further denies that these paragraphs state a viable claim or cause of action against this Defendant or that the Amended Complaint as a whole states a viable claim or cause of action against this Defendant, and therefore should be dismissed.

36.     With respect to Paragraphs 181 through 192 of Plaintiffs' Amended Complaint under the heading "STATEMENT OF FACTS" and the subheading "L. Defendant Poulos' May 5, 2026 Conduct", these paragraphs do not appear to be directed at this Defendant, and this

Defendant lacks sufficient information or knowledge to admit or deny these paragraphs and therefore denies the paragraphs, and would further state that these in the Amended Complaint do not state a viable cause of action or claim as to this Defendant and that the Amended Complaint as a whole does not state a viable cause of action or claim as to this Defendant, and therefore should be dismissed.

37.     With respect to Paragraphs 193 through 201 of Plaintiffs' Amended Complaint under the heading "STATEMENT OF FACTS" and the subheading "M. The Selective-Disclosure Scheme by Defendants McMahan and Thacker", Defendant would state that Catherine McMahan and Stacy Thacker are employees of the City of Biloxi. All remaining allegations are denied, and it is further denied that these paragraphs state a viable claim or cause of action as to this Defendant or that the Amended Complaint as a whole states a viable claim or cause of action against this Defendant and therefore should be dismissed with prejudice.

38.     With respect to Paragraphs 202 through 219 of Plaintiffs' Amended Complaint under the heading "STATEMENT OF FACTS" and the subheading "N. Witness J.P.'s Pre-Suit Disclosures", Defendant would state that these paragraphs do not appear to be directed at this Defendant and this Defendant lacks sufficient information or knowledge to admit or deny these paragraphs and therefore denies these paragraphs, and further states that these paragraphs fail to state a viable claim or cause of action against this Defendant, and further that the Amended Complaint as a whole or in part does not state a viable claim or cause of action against this Defendant and should be dismissed.

39.     Defendant denies Paragraphs 220 through 229 as written and would further state that the Amended Complaint as a whole does not state a viable cause of action or claim as to this

Defendant and therefore should be dismissed.

## IV.   CLAIMS FOR RELIEF

40.   With respect to "A. Count I – First Amendment: View Discrimination", Paragraphs 230 through 236 of Plaintiffs' Amended Complaint, these paragraphs are denied. This Defendant incorporates all prior defenses and answers contained herein, and further denies all allegations contained therein and further denies that any constitutional violations occurred or that any wrongdoing occurred or that the Plaintiffs are entitled to any damages of any type whatsoever or are entitled to any relief whatsoever.

41.   Paragraphs 237 through 245 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "B. Count II – First Amendment: Freedom of the Press", are denied, and it is further denied that any rights of the Plaintiffs have been violated or that the Plaintiffs are entitled to any relief or any damages of any nature whatsoever against any of the Defendants in any capacity whatsoever.

42.   Paragraphs 246 through 255 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "C. Count III – First Amendment: Retaliation", this Defendant would adopt and incorporate herein by reference all prior answers and defenses filed on his behalf, and would deny all allegations contained in these paragraphs except to admit that a specially appointed Municipal Court Judge, acting upon probable cause, signed a warrant based on a private affidavit of an individual citizen, but would deny all allegations of wrongdoing against him, and would further deny that these paragraphs state a viable cause of action or claim against him or that these Plaintiffs are entitled to any relief or any damages in amount whatsoever against any of these Defendants regardless of the capacity in which they were sued, and would further state that the Amended Complaint fails to state a claim upon which relief can

18

be granted and should be dismissed in its entirety as to this Defendant and that it should be dismissed with prejudice.

43.    With respect to Paragraphs 256 through 265 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "D. Count IV – First Amendment: Retaliatory Prosecution", these paragraphs in this Count do not appear to be directed to Defendant Gilich and therefore no responsive pleading would be required on behalf of Gilich. To the extent a responsive pleading is required on behalf of Gilich, Defendant would incorporate all prior answers and defenses raised herein and further deny all paragraphs stated, and would further deny that these Defendants named herein did any wrongdoing or committed any violation or that these paragraphs state a viable claim or cause of action, and that the Amended Complaint should be dismissed as to Gilich and all Defendants with said dismissal to be with prejudice.

44.    With respect to Paragraphs 266 through 272 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "E. Count V – First Amendment: Prior Restraint", these paragraphs in this Count do not appear to be directed to Defendant Gilich and therefore no responsive pleading would be required on behalf of Gilich.  To the extent a responsive pleading is required on behalf of Gilich, Defendant would incorporate all prior answers and defenses raised herein and further deny all paragraphs stated therein, and would further deny that these Defendants named herein did any wrongdoing or committed any violation or that these paragraphs state a viable claim or cause of action, and that the Amended Complaint should be dismissed as to Gilich and all Defendants with said dismissal to be with prejudice.

45.    With respect to Paragraphs 273 through 280 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "F. Count VI – First Amendment: Access to Courts", these paragraphs in this Count do not appear to be directed to Defendant

Gilich and therefore no responsive pleading would be required on behalf of Gilich.  To the extent a responsive pleading is required on behalf of Gilich, Defendant would incorporate all prior answers and defenses raised herein and further deny all paragraphs stated, and would further deny that these Defendants named herein did any wrongdoing or committed any violation or that these paragraphs state a viable claim or cause of action, and that the Amended Complaint should be dismissed as to Gilich and all Defendants with said dismissal to be with prejudice.

46.     With respect to Paragraphs 281 through 288 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "G. Count VII – Fourth Amendment: Unreasonable Seizure (March 3, 2026 Chamber Removal)", this Defendant would adopt and incorporate herein by reference all prior answers and defenses filed on its behalf, and would deny all allegations contained in these paragraphs and would further state that the Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed in its entirety as to this Defendant and that it should be dismissed with prejudice.

47.     With respect to Paragraphs 289 through 297 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "H. Count VIII – Fourth Amendment: Unreasonable Seizure (May 5, 2026 Arrests Under Void Warrant)", these paragraphs in this Count do not appear to be directed to Defendant Gilich and therefore no responsive pleading would be required on behalf of Gilich.  To the extent a responsive pleading is required on behalf of Gilich, Defendant would incorporate all prior answers and defenses raised herein and further deny all paragraphs stated, and would further deny that these Defendants named herein did any wrongdoing or committed any violation or that these paragraphs state a viable claim or cause of action, and that the Amended Complaint should be dismissed as to Gilich and all Defendants with said dismissal to be with prejudice.

48.     With respect to Paragraphs 298 through 307 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "I. Count IX – Fourth Amendment: Malicious Procurement of Warrant", these paragraphs are not directed at this Defendant and therefore no affirmative response is required by this Defendant.  However, to the extent an affirmative response is required by this Defendant, Defendant Gilich would adopt and incorporate all prior answers and defenses raised herein, and would further deny each paragraph contained therein under this Count, and would further state that these paragraphs do not state a viable claim or cause of action as to any of these Defendant including Defendant Gilich, and should be dismissed with prejudice.

49.     With respect to Paragraphs 308 through 315 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "J. Count X – Fourth Amendment: Pretextual Targeting Directive", these paragraphs are not directed at this Defendant and therefore no affirmative response is required by this Defendant.  However, to the extent an affirmative response is required by this Defendant, Defendant Gilich would adopt and incorporate all prior answers and defenses raised herein, and would further deny each paragraph contained therein under this Count, and would further state that these paragraphs do not state a viable claim or cause of action as to any of these Defendant including Defendant Gilich, and should be dismissed with prejudice.

50.     With respect to Paragraphs 316 through 325 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "K. Count XI – Procedural Due Process: Settlement Breach", these paragraphs in this Count do not appear to be directed at this Defendant and therefore no affirmative response is required.  However, to the extent an affirmative response is required, Defendant Gilich would incorporate and adopt all prior answers

and defenses raised herein, and would deny all said paragraphs, and would further state that the paragraphs in this Count fail to state a viable claim or cause of action against any of the Defendants named herein and should be dismissed with prejudice.

51.     With respect to Paragraphs 326 through 337 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "L. Count XII – Procedural Due Process: Recusal Vacuum and Structural Capture", these paragraphs in this Count do not appear to be directed at this Defendant and therefore no affirmative response is required.  However, to the extent an affirmative response is required, Defendant Gilich would incorporate and adopt all prior answers and defenses raised herein, and would deny all said paragraphs lacking information or belief, and would further state that the paragraphs in this Count fail to state a viable claim or cause of action against any of the Defendants named herein and should be dismissed with prejudice.

52.     Paragraphs 338 through 345 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "M. Count XIII – Equal Protection:  Class-of-One and Selective Disclosure", are denied.  Defendant Gilich would further respond adopting all prior answers and defenses raised herein, and further deny all allegations contained in Paragraphs 338 through 345, and would further state that Count XIII, Paragraphs 338 through 345 do not state a viable claim or cause of action and therefore should be dismissed with prejudice.

53.     With respect to Paragraphs 346 through 353 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "N. Count XIV – Substantive Due Process: Shocks the Conscience", these paragraphs in this Count do not appear to be directed at this Defendant and therefore no affirmative response is required.  However, to the extent an affirmative response is required, Defendant Gilich would incorporate and adopt all prior

answers and defenses raised herein, and would deny all said paragraphs, and would further state that the paragraphs in this Count fail to state a viable claim or cause of action against any of the Defendants named herein and should be dismissed with prejudice.

54.      With respect to Paragraphs 354 through 361 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "O. Count XV – Eighth amendment: Excessive Bail", these paragraphs in this Count do not appear to be directed at this Defendant and therefore no affirmative response is required.  However, to the extent an affirmative response is required, Defendant Gilich would incorporate and adopt all prior answers and defenses raised herein, and would deny all said paragraphs, and would further state that the paragraphs in this Count fail to state a viable claim or cause of action against any of the Defendants named herein and should be dismissed with prejudice.

55.      With respect to Paragraphs 362 through 370 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "P. Count XVI – Informational Privacy: SSN Distribution and Driver's Privacy Protection Act", this Count and these paragraphs do not appear to be directed at this Defendant and therefore no affirmative response is hereby required.  To the extent an affirmative response is required, Defendant Gilich would hereby incorporate all prior answers and defenses raised herein and further denies any and all allegations contained therein, and would further state that these paragraphs and this Count fail to allege a viable cause of action or claim as to any of the Defendants named herein and therefore should be dismissed with prejudice.

56.      With respect to Paragraphs 371 through 377 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "Q. Count XVII – 42 U.S.C. §1985(2): Conspiracy to Obstruct Federal Litigation", Gilich would incorporate herein by

reference all prior answers and defenses raised herein, and would further deny these allegations and would state that this Count and these paragraphs fail to state a viable claim or cause of action against any of the Defendants including Gilich and therefore should be dismissed with prejudice, awarding Gilich all costs associated with the defense of this Complaint.

57.     With respect to Paragraphs 378 through 385 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "R. Count XVIII – 42 U.S.C. § 1985(3): Equal Protection Conspiracy", Defendant Gilich would respond adopting and incorporating all prior answers and defenses raised herein and further deny each and every allegation contained therein, and would further deny that this Count or any of the paragraphs pled under the same state a viable claim or cause of action against Defendant Gilich or any of the other Defendants and therefore should be dismissed with prejudice, with all costs of defending this claim awarded to Gilich.

58.     With respect to Paragraphs 386 through 393 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "S. Count XIX – 42 U.S.C. § 1986: Neglect to Prevent", these paragraphs are denied and Defendant Gilich hereby incorporates all prior answers and defenses and denies all allegations contained in Paragraphs 386 through 393, and further states that these paragraphs in this Count fail to state a viable claim or cause of action against any of the Defendants and should be dismissed with prejudice.

59.     With respect to Paragraphs 394 through 402 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "T. Count XX – 42 U.S.C. § 1983 Conspiracy (Council Meeting, Stop-Work Order, and Military-Channel Variants)", these paragraphs are denied and Defendant Gilich hereby incorporates all prior answers and defenses and denies all allegations contained in Paragraphs 386 through 393, and further states that these

24

paragraphs in this Count fail to state a viable claim or cause of action against any of the

Defendants and should be dismissed with prejudice.

60.      With respect to Paragraphs 403 through 412 of Plaintiffs' Amended Complaint

under the heading "CLAIMS FOR RELIEF" and subheading "U. Count XXI – Monell

Municipal Liability", this Count and these paragraphs do not appear to be directed at this

Defendant such that no affirmative response is hereby required.  To the extent an affirmative is

hereby required, Defendant Gilich hereby adopts and incorporates all prior answers and defenses,

and would further deny all allegations contained therein, and further states that this Count and

these paragraphs fail to state a viable claim or cause of action against any of the Defendants

named herein and should be dismissed with prejudice.

61.      With respect to Paragraphs 413 through 420 of Plaintiffs' Amended Complaint

under the heading "CLAIMS FOR RELIEF" and subheading "V. Count XXII – Title II of the

Americans with Disabilities Act: Failure to Accommodate at Arrest", this Count and these

paragraphs do not appear to be directed at this Defendant and therefore no affirmative response

is required.  To the extent an affirmative response is required, Defendant Gilich would

incorporate and adopt all prior answers and defenses raised herein and would further deny the

allegations of this Amended Complaint including any allegations contained in Paragraphs 413

through 420, and would further state that this Count and these paragraphs fail to state a viable

claim or cause of action against any of the Defendants herein and should be dismissed with

prejudice.

62.      With respect to Paragraphs 421 through 428 of Plaintiffs' Amended Complaint

under the heading "CLAIMS FOR RELIEF" and subheading "W. Count XXIII – Title II of the

Americans with Disabilities Act: Medication Denial in Custody", this Count and these

paragraphs do not appear to be directed at this Defendant and therefore no affirmative response is hereby required. However, to the extent an affirmative response is hereby required, Defendant Gilich would incorporate and adopt all prior answers and defenses raised herein and would further deny all allegations contained under this Count, including all allegations contained in Paragraphs 421 through 428, and would further deny that this Count or these paragraphs state a viable cause of action or claim as to any Defendants herein and should be dismissed with prejudice.

63.     With respect to Paragraphs 429 through 439 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "X. Count XXIV – Fourth and Fourteenth Amendment: Unreasonable Search of the Body (X-ray and Strip Search)", this Count and these paragraphs do not appear to be directed at this Defendant and therefore no affirmative response is required by this Defendant. However, to the extent an affirmative response is required, Defendant Gilich would incorporate and adopt all prior answers and defenses and would deny all allegations contained therein, and would further state that this Count and these paragraphs fail to state a viable claim or cause or action against any of the Defendants herein and therefore should be dismissed with prejudice.

64.     With respect to Paragraphs 440 through 446 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "Y. Count XXV – Defamation (Mississippi Law – Reserved for Private Actors)", these allegations do not appear to be directed at this Defendant and therefore no affirmative response is required from this Defendant. To the extent an affirmative response is required by this Defendant, Defendant Gilich would adopt and incorporate all prior answers and defenses and would deny the allegations of this Count, including those alleged in Paragraphs 440 through 446 lacking information or belief,  and would

further state that these paragraphs and this Count fail to state a viable claim or cause of action and should be dismissed.

65.    With respect to Paragraphs 447 through 453 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "Z. Count XXVI – Defamation Per Se: Fabricated Booking Image (Mississippi Law)", these allegations do not appear to be directed at this Defendant and therefore no affirmative response is hereby required.  To the extent an affirmative response is hereby required, Defendant Gilich would adopt all prior answers and defenses raised herein, and would further deny all allegations contained in Paragraphs 447 through 453 and would further state that these allegations in this Count fail to allege a viable claim or cause of action against any Defendants named herein and should be dismissed with prejudice.

66.    Paragraphs 454 through 462 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "AA. Count XXVII –First Amendment Retaliation and Unconstitutional Conditions: Manufactured Permit-Denial and Forced Zoning Proceeding", are denied.  Defendant Gilich would hereby incorporate and adopt all prior defenses and answers and would deny all allegations contained in Paragraphs 454 through 462, and further states that this Count and these paragraphs do not state a viable claim or cause of action against any of the Defendants named herein and therefore should be dismissed with prejudice.

67.    Paragraphs 463 through 472 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "BB. Count XXVIII – Procedural Due Process: Manufactured Manufacturing Classification Without Required Procedure", are not directed at this Defendant and therefore no affirmative response is required by this Defendant.  However, to the extent an affirmative response is required by this Defendant, Defendant would adopt and

27

incorporate all prior answers and defenses raised herein, and would further deny each paragraph contained therein under this Count, and would further state that these paragraphs do not state a viable claim or cause of action as to any of these Defendant including Defendant, and should be dismissed with prejudice.

68.     Paragraphs 473 through 482 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "CC. Count XXIX – Sixth and Fourteenth Amendments: Denial of Access to Counsel by Telephone Obstruction During Pretrial Custody", are not directed at this Defendant and therefore no affirmative response is required by this Defendant.  However, to the extent an affirmative response is required by this Defendant, Defendant would adopt and incorporate all prior answers and defenses raised herein, and would further deny each paragraph contained therein under this Count, and would further state that these paragraphs do not state a viable claim or cause of action as to any of these Defendant including Defendant, and should be dismissed with prejudice.

69.     With respect to Paragraphs 483 through 490 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "DD. Count XXX – Mississippi Constitution Article 3 Violations (Supplemental Jurisdiction)", this Count is hereby denied, and all allegations contained therein are hereby denied by Defendant Gilich, and Gilich would further incorporate and adopt all prior answers and defenses raised herein and request that this Court dismiss this Count and all allegations contained therein with prejudice.

## V.     JURY DEMAND

70.     With respect to Paragraph 491 of Plaintiffs' Amended Complaint under the heading "JURY DEMAND", this paragraph is hereby denied.

## VI.     PRAYER FOR RELIEF

28

71. With respect to the unnumbered paragraph under the heading "PRAYER FOR RELIEF", including subparts (a) through (q), this paragraph is hereby denied, and this Defendant denies that the Plaintiffs are entitled to any relief or damages of any nature or type whatsoever, whether or not it was expressly or non-expressly requested herein.

72. Defendant Gilich hereby reserves the right to raise any additional affirmative defenses, and further reserves the right to seek dismissal of all claims as to him pursuant to a Motion to Dismiss raising any of the affirmative defenses raised herein or raised by any other party. Gilich further reserves the right to seek any and all damages to which he may be entitled pursuant to Rule 11 of the Federal Rules of Civil Procedure or the Mississippi Litigation Accountability Act as to these Plaintiffs.

73. Any allegations not expressly admitted are hereby expressly denied.

74. WHEREFORE, PREMISES CONSIDERED, Defendant Andrew "Fofo" Gilich prays that the Amended Complaint will be dismissed, with prejudice, at cost of the Plaintiffs, and Defendant Gilich prays for such other relief as he may be entitled under law or equity.

RESPECTFULLY SUBMITTED, this the 19th of June, 2026.

ANDREW "FOFO" GILICH, DEFENDANT

BY:     *s/ J. Henry Ros*
J. HENRY ROS (MSB 5668)
**CURRIE JOHNSON & MYERS, P.A.**
2355 Pass Road
Biloxi, MS  39531
Telephone:  228-388-1010
Email: hros@curriejohnson.com

29

## CERTIFICATE OF SERVICE

I do hereby certify that I have filed the above and foregoing pleading utilizing the ECF system which sent a true and correct copy to all counsel of record and have also mailed by United States Mail, postage prepaid, a true and correct copy of the above and foregoing pleading to the Pro Se parties at their mailing addresses as follows:

Yuri Petrini
929 Division Street
Biloxi, MS 39530

Jarrod Fusco
435 Cove Drive
Biloxi, MS 39531

Sam Poulos and Joanne Poulos
831 Jackson Street
Biloxi, MS  39530

THIS this the 19th day of June, 2026.

_s/ J. Henry Ros_

J. HENRY ROS (MSB 5668)
ZACHARY CRUTHIRDS (MSB 106279)
**CURRIE JOHNSON & MYERS, P.A.**
2355 Pass Road
Biloxi, Mississippi 39531
Telephone: (228) 385-1010
Facsimile: (228) 385-1011
Email:  hros@curriejohnson.com
        zcruthirds@curriejohnson.com