IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

YURI PETRINI and JARROD LEWIS FUSCO                    PLAINTIFFS

VERSUS                                         CAUSE NO. 1:26cv94-LG-RPM

KENNY GLAVAN, ET AL                                   DEFENDANTS

**ANSWER AND DEFENSES OF
DEFENDANT THE CITY OF BILOXI, MISSISSIPPI**

COMES NOW the Defendant, the City of Biloxi, Mississippi ("City"), by and through its undersigned counsel, Currie Johnson & Myers, P.A., and files this its Answer and Affirmative Defenses to the Plaintiffs' First Amended Complaint and Jury Demand [ECF 18] as follows:

FIRST AFFIRMATIVE DEFENSE

Defendant asserts all defenses available to it as set forth in FRCP 12(b)(1) through 12(b)(7) along with those found in FRCP 4(c), 8(c) and 19.  Defendant reserves the right to file a Motion to Dismiss the Complaint in its entirety as to itself pursuant to any of these rules any other defenses available to it.

SECOND AFFIRMATIVE DEFENSE

The Amended Complaint constitutes an impermissible shotgun pleading and therefore should be dismissed under the applicable Federal Rules of Civil Procedure.

THIRD AFFIRMATIVE DEFENSE

Plaintiffs failed to follow the procedures set forth in Miss. Code Ann. § 11-46-1 *et seq.*, and therefore, their claims may be barred.

FOURTH AFFIRMATIVE DEFENSE

Defendant is immune from suit under existing Mississippi law.

FIFTH AFFIRMATIVE DEFENSE

The Plaintiffs' alleged Notice of Claim, if any, also may have failed to comply with the provisions of Miss. Code Ann. §11-46-11, thereby requiring the dismissal of their Complaint under any basis contained in the statute and state law including failure to file the proper notice and filing suit without waiting the requisite statutory period.

SIXTH AFFIRMATIVE DEFENSE

The damages of which Plaintiffs complain were proximately caused by the acts of a person(s) other than this Defendant, whose acts constitute the proximate cause or independent intervening cause of Plaintiffs' alleged injuries, and The City seeks apportionment pursuant to Miss. Code Ann. § 85-5-7.

SEVENTH AFFIRMATIVE DEFENSE

The activities which are alleged in the Complaint are the activities which fall within the discretionary function of this Defendant, and this Defendant is thereby immune from liability under the law of the State of Mississippi.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to a trial by jury in this matter.

NINTH AFFIRMATIVE DEFENSE

With respect to any state law claims, Defendant asserts any and all defenses available to it pursuant to Miss. Code Ann. § 11-46-9 et seq.

TENTH AFFIRMATIVE DEFENSE

The allegations of this Complaint are not governed by any ministerial duty or function.

ELEVENTH AFFIRMATIVE DEFENSE

This action is governed by the provisions of the Mississippi Tort Claims Act, including,

but not limited to, Miss. Code Ann. § 11-46-15, and any claim for the recovery of attorney's fees or punitive damages is barred.

TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by the applicable statute of limitations.

THIRTEENTH AFFIRMATIVE DEFENSE

Money damages would constitute unjust enrichment of the Plaintiffs herein.

FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs may have failed to mitigate their damages.

FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff Petrini has failed to show any property has been taken for public use and thus cannot support a claim for inverse condemnation/constitutional taking.

SIXTEENTH AFFIRMATIVE DEFENSE

Defendant did not act willfully or wantonly towards the Plaintiffs, act in a manner that would evoke outrage or revulsion in civilized society, act in any manner that was intended to cause harm to the Plaintiffs, and no actions by this Defendant could foreseeably cause severe emotional distress or any other damages.

SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant would affirmatively and alternatively state that Plaintiffs cannot attribute any wrongdoing to this Defendant.

EIGHTEENTH AFFIRMATIVE DEFENSE

At all times material hereto, Defendant acted in a reasonable and prudent manner and was justified in its actions. Therefore, Defendant is not liable to the Plaintiffs for any damages.

## NINETEENTH AFFIRMATIVE DEFENSE

Any damage the Plaintiffs may have suffered, the existence of which is hereby expressly denied, are speculative in nature. Therefore, Plaintiffs' damages are not recoverable.

## TWENTIETH AFFIRMATIVE DEFENSE

To the extent the Plaintiffs have been paid monies by other entities for alleged damages and injuries suffered in relation to this case, Defendant pleads the doctrine of accord and satisfaction and is entitled to a set off and/or credit for any such compensation received, should it be found liable to Plaintiffs, which is expressly denied.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant additionally pleads all defenses afforded under the Mississippi Tort Claims Act contained in Miss. Code Ann. § 11-46-1, et al.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant affirmatively asserts it did not cause a physical invasion to occur on Plaintiff's property(ies).

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs may have failed to join all necessary parties to this action pursuant to FRCP 19.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring this case, and therefore their claims should be dismissed with prejudice.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs cannot show that they received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent.

TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and thus reserves the right to amend its Answer to assert any such defenses.

TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Since this matter is in the early stages of litigation, and Defendant does not have the full benefit of discovery, it pleads all applicable affirmative rights and defenses available under federal and/or state law, rule or regulation, including but not limited to those defenses set forth in Rules 8 and 12 of the Federal Rules of Civil Procedure.

TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Without limiting any causes of action filed by the Plaintiffs that may be subject to dismissal by this Court pursuant to FRCP 12(b)(6), Defendant states that all claims by the Plaintiffs that it violated any constitutional rights the Plaintiffs held under any Amendment to the United States Constitution, including the First, Fourth or Fourteenth Amendments, fail to state a claim for which relief can be granted and should be dismissed with prejudice.

TWENTY-NINTH AFFIRMATIVE DEFENSE

Although denying that the Plaintiffs are entitled to an award of punitive damages or any such whatsoever in this matter against it under state or federal law, Defendant affirmatively states as follows:

1.      An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and § 14 of the Mississippi Constitution.

2.      No legislation has been enacted authorizing punitive damages in a civil action such as this or placing any limit on the amount of punitive damages awardable and/or, in the alternative, the provisions and procedures of Miss. Code Ann. § 11-1-65 are hereby invoked.

3.      An award of punitive damages in this civil action would violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and of § 14 of the Mississippi Constitution.

4.      The criteria used for determining whether and in what amount punitive damages may be awarded are impermissibly vague, imprecise and inconsistent and are, therefore, in violation of the due process provisions of the Fifth and Fourteenth Amendments to the Constitution of the United States.

5.      An award of punitive damages in this civil action would amount to an excessive fine in violation of the Eighth Amendment to the Constitution of the United States of America and of § 28 of the Mississippi Constitution.

THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover punitive damages under 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986 and 42 U.S.C. § 1988 against this Defendant.

THIRTY-FIRST AFFIRMATIVE DEFENSE

There can be no liability under 42 U.S.C. § 1983, against Defendant based on the doctrine of *respondeat superior*.

THIRTY-SECOND AFFIRMATIVE DEFENSE

At all times, the employees of the City of Biloxi acted in good faith and without malice and therefore cannot be held civilly or criminally liable pursuant to Section 104.8 of the

International Building Code and Section 104.8 of the International Residential Code as adopted by the City of Biloxi.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendant pleads the defense of the public duty doctrine.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are not ripe.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Defendant further pleads insufficiency of process and insufficient service of process pursuant to FRCP 12(b)(4) and 12(b)(5).

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Defendant did not regulate or attempt to regulate Plaintiffs' engagement in protected speech.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim for unreasonable seizure under the Fourth Amendment as no property, real or otherwise, has been seized by this Defendant.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs fail to show an agreement between two or more persons to deprive them of their civil rights and thus their claim for conspiracy fails and should be dismissed with prejudice.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs fail to show that there was a deprivation of their civil rights in furtherance of a conspiracy by a party to a conspiracy and thus their conspiracy claim should be dismissed with prejudice.

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs fail to demonstrate an Equal Protection Clause violation as this Defendant's actions had no discriminatory effect and were not motivated by a discriminatory purpose.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff Petrini is not a qualified individual with a disability under the ADA.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff Petrini has not been denied meaningful access to the City's services, programs, or activities and was not otherwise discriminated against.

## FORTY-THIRD AFFIRMATIVE DEFENSE

This Defendant pleads the new business rule.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

This Defendant pleads the minutes rule under Mississippi law.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff Petrini's claims involve the same parties and properties raised in 1:25-cv-00178, 1:25-cv-00233, and 1:25-cv-00254 and these repetitious claims should be barred by the rule against claim splitting.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

The Plaintiffs have improperly joined claims against parties that are both factually and legally unrelated.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, are speculative and Plaintiffs may not recover speculative damages.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff Petrini has engaged in attempts to improperly influence witnesses and accordingly his actions bar any equitable relief as he has unclean hands.

## FORTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs seek certain relief that is not within the power of the District Court to grant.

## FIFTIETH AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint may be barred by res judicata, collateral estoppel or issue preclusions.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

Biloxi cannot be held liable under 42 U.S.C. § 1983 because any deprivation of the Plaintiff's constitutional rights, which this Defendant denies occurred, was not caused by a municipal policy or custom. Biloxi is also immune from punitive damages for claims brought by the Plaintiff pursuant to 42 U.S.C. § 1983 and § 11-46-15(2) of the Mississippi Code Annotated.

## RESERVATION OF DEFENSES

The City is without knowledge or information sufficient to form a belief as to whether other defenses or affirmative defenses apply in this matter. However, contingent on the facts revealed by investigation and/or discovery, The City expressly reserves its right to raise any additional defenses and affirmative defenses which may be applicable and seek damages pursuant to Rule 11 of the Federal Rules of Civil Procedure or Mississippi's Litigation Accountability Act.

## ANSWER

And now, in answering Plaintiffs' Amended Complaint, paragraph by paragraph, The City responds as follows:

## PRELIMINARY STATEMENT

1.      The unnumbered paragraph listed under the heading "PRELIMINARY STATEMENT" is denied.

## I.      PARTIES

2.      With respect to Paragraph 1 of Plaintiffs' Amended Complaint under the heading "PARTIES", this Defendant would only state that this paragraph lists multiple parties but denies that any of the Defendants listed herein have any liability to Plaintiffs in any capacity whatsoever, and it would further deny the Amended Complaint filed by these Plaintiffs states any viable claims or causes of action as to any of these Defendants and therefore should be dismissed.

## II.      JURISDICTION AND VENUE

3.      With Respect to Paragraph 2 of Plaintiffs' Amended Complaint under the heading "JURISDICTION AND VENUE", this Defendant would deny that there is proper jurisdiction or venue or that there is supplemental jurisdiction over any alleged state law claim and would further deny that the Amended Complaint states any viable claims or causes of action as to this Defendant and therefore should be dismissed.

## III.      STATEMENT OF FACTS

A. The October 1, 2025 Settlement

4.      With respect to Paragraphs 3 through 8 of Plaintiffs' Amended Complaint, Defendant denies these paragraphs as written and further states that none of these paragraphs nor any paragraph contained in this Amended Complaint nor the Amended Complaint as a whole or in part states any claim as to this Defendant and therefore the Amended Complaint should be dismissed with prejudice.

10

B. The November 7, 2025 Surveillance and Email

5.      Defendant would only admit that Michael Whitehead is a Mississippi-licensed attorney who represents City employees in federal litigation under the supervision of Peter Abide but would deny the remaining allegations and facts contained in paragraphs 9-10 as written and further states that none of these paragraphs nor any paragraph contained in this Amended Complaint nor the Amended Complaint as a whole or in part states any claim as to this Defendant and therefore the Amended Complaint should be dismissed with prejudice.

6.      Defendant denies paragraphs 11 through 16 as written and further states that none of these paragraphs nor any paragraph contained in this Amended Complaint nor the Amended Complaint as a whole or in part states any claim as to this Defendant and therefore the Amended Complaint should be dismissed with prejudice.

7.      Paragraph 17 is denied.

8.      Paragraph 18 is admitted.

C. The March 31, 2026 Whitehead Visit and CIU Bulletin

9.      With respect to Paragraphs 19 through 43 of Plaintiffs' Amended Complaint, Defendant denies these paragraphs as written and further states that none of these paragraphs nor any paragraph contained in this Amended Complaint nor the Amended Complaint as a whole or in part states any claim as to this Defendant and therefore the Amended Complaint should be dismissed with prejudice.

D. The March 3, 2026 Council Meeting

10.      With respect to Paragraphs 44 through 53 of Plaintiffs' Amended Complaint, the City would only admit that the Biloxi City Council met on March 3, 2026, where Plaintiff Petrini appeared and addressed the Council and Plaintiff Fusco disrupted the meeting, and that a

11

recording of the meeting was posted to the City's YouTube channel.  the City would state that any events which occurred are recorded and further states it nor the council members or any employees of the City of Biloxi engaged in any wrongdoing or actionable conduct and would also state that these paragraphs do not state any claim or viable cause of action against this Defendant and therefore denies the same further stating that the Amended Complaint in whole or in part does not state a viable claim or cause of action against this Defendant and should be dismissed.

E. The Military-Channel Retaliation Against Plaintiff Fusco

11.    With respect to Paragraph 54, upon information and belief, this Defendant would only admit that Fusco may be active duty with the United States Air Force and stationed at Keesler Air Force Base.  Defendant would further state that these allegations do not state a viable cause of action or claim as to this Defendant and that the Amended Complaint, in whole or in part, does not state a viable claim or cause of action against this Defendant and therefore should be dismissed.

12.    With respect to Paragraphs 55 through 56 of Plaintiffs' Amended Complaint, Defendant denies these paragraphs as written and further denies that these paragraphs state viable claim or cause of action against this Defendant or that the Amended Complaint as a whole or in part states a viable claim or cause of action against this Defendant and therefore should be dismissed.

13.    Paragraph 57 of Plaintiffs' Amended Complaint is denied and further denies that these paragraphs state viable claim or cause of action against this Defendant or that the Amended Complaint as a whole or in part states a viable claim or cause of action against this Defendant and therefore should be dismissed.

14.     Paragraph 58 of Plaintiffs' Amended Complaint is denied.

15.     With respect to Paragraphs 59 through 60, Defendant lacks sufficient information or knowledge to admit or deny these allegations and therefore denies the same, and would further state that these allegations do not state a viable cause of action or claim as to this Defendant and that the Amended Complaint, in whole or in part, does not state a viable claim or cause of action against this Defendant and therefore should be dismissed.

16.     Paragraph 61 of Plaintiffs' Amended Complaint is denied.

17.     With respect to Paragraphs 62 through 63 Defendant lacks sufficient information or knowledge to admit or deny these allegations and therefore denies the same, and would further state that these allegations do not state a viable cause of action or claim as to this Defendant and that the Amended Complaint, in whole or in part, does not state a viable claim or cause of action against this Defendant and therefore should be dismissed.

F. The June 30, 2025 Stop-Work Order

18.     With respect to Paragraphs 64 through 67 of Plaintiffs' Amended Complaint, this Defendant  would only admit that a stop-work order was issued but all other allegations are denied as written and Defendant would otherwise state that these allegations do not state a viable cause of action or claim as to this Defendant and that the Amended Complaint, in whole or in part, does not state a viable claim or cause of action against this Defendant and therefore should be dismissed.

G. The April 28, 2026 Coordinated Day

19.     With respect to Paragraphs 68 through 79 of Plaintiffs' Amended Complaint, this Defendant would only admit that a private individual Tara Ramage may have executed a charging affidavit against Plaintiffs Petrini and Fusco, but all other allegations contained in these

paragraphs are denied, and it is further denied that these paragraphs are directed at this Defendant or that these allegations contained in theses paragraphs state a viable claim or cause of action against this Defendant, and further that the Amended Complaint in whole or in part states a viable cause of action against this Defendant, and therefore should be dismissed with prejudice.

20.     With respect to Paragraphs 80 through 82, Defendant would only admit that a regularly scheduled Biloxi City Council meeting was convened.  All other allegations contained in these paragraphs are denied as written, and it is further denied that these paragraphs or the Amended Complaint in whole or in part state a viable claim or cause of action and should be dismissed with prejudice.

21.     With respect to Paragraphs 83 through 92, Defendant lacks sufficient information or knowledge to admit or deny these allegations and therefore denies the same, and would further state that these allegations do not state a viable cause of action or claim as to this Defendant and that the Amended Complaint, in whole or in part, does not state a viable claim or cause of action against this Defendant and therefore should be dismissed with prejudice.

22.     Paragraph 93 of the Amended Complaint is admitted.

H. The April 29, 2026 Warrant

23.     Defendant denies paragraphs 94 through 97 as written and it is further denied that the Amended Complaint in whole or in part states any claim or viable cause of action against this Defendant and therefore should be dismissed.

24.     Paragraph  98 of Plaintiffs' Amended Complaint is only admitted to the extent that Defendant Lusk, as specially appointed Municipal Court Judge, issued a warrant based upon probable cause authorizing Plaintiffs' arrest.  The remaining allegations are denied for lack of knowledge or information sufficient to form a belief concerning the same.

25.     Paragraph 99 of Plaintiffs' Amended Complaint is admitted.

26.     Paragraph 100 of Plaintiffs' Amended Complaint is admitted.

27.     Paragraph 101 of Plaintiff's Amended Complaint is denied.

28.     Paragraphs 102 through 103 of Plaintiffs' Amended Complaint are denied as written, and it is further denied that the Amended Complaint as a whole or in part states any claim or viable cause of action against this Defendant and therefore should be dismissed.

29.     Paragraphs 104 through 105 of Plaintiffs' Amended complaint are hereby admitted.

30.     With respect to Paragraph 106 of Plaintiffs' Amended Complaint, it is only admitted that Defendant Lusk, as special judge, based on probable cause issued a warrant.  All other allegations contained therein are hereby denied.

31.     With respect to Paragraph 107 of Plaintiffs' Amended Complaint, it is only admitted that the document referenced therein may have been filed by the Biloxi Municipal Prosecutors.  Otherwise, the paragraph is denied.

32.     Paragraph 108 of Plaintiffs' Amended Complaint is admitted to the extent that Municipal Judge Stephen B. Simpson signed a standing order to seal and restrict use of discovery.  Otherwise, the paragraph is denied.

33.     Paragraph 109 of Plaintiffs' Amended Complaint is hereby denied as written and it is further denied that the Amended Complaint as a whole or in part states any claim or viable cause of action against this Defendant and therefore should be dismissed.

34.     Paragraph 110 through 111 of Plaintiffs' Amended Complaint is admitted to the extent that a specially appointed judge for Biloxi Municipal Court would be paid by the City of Biloxi.  Otherwise, the paragraphs are denied.

15

35.    Paragraph 112 of Plaintiffs' Amended Complaint is denied as written and it is further denied that the Amended Complaint as a whole or in part states any claim or viable cause of action against this Defendant and therefore should be dismissed.

36.    Paragraph 113 of the Amended Complaint is admitted.

37.    Defendant denies paragraph 114 as written and would further state that these allegations do not state a viable cause of action or claim as to this Defendant and that the Amended Complaint, in whole or in part, does not state a viable claim or cause of action against this Defendant and therefore should be dismissed.

38.    Paragraphs 115 through 116 of Plaintiffs' Amended Complaint are admitted.

39.    Defendant denies paragraph 117 through 118 as written and would further state that these allegations do not state a viable cause of action or claim as to this Defendant and that the Amended Complaint, in whole or in part, does not state a viable claim or cause of action against this Defendant and therefore should be dismissed.

40.    With respect to Paragraph 119 of Plaintiffs' Amended Complaint, this Defendant would only admit that any adjudicative acts performed would have been performed in the capacity of a Special Municipal Court Judge for the City of Biloxi.  All other allegations contained therein are hereby denied.

41.    Defendant denies Paragraph 120 as written and would further state that these allegations do not state a viable cause of action or claim as to this Defendant and that the Amended Complaint, in whole or in part, does not state a viable claim or cause of action against this Defendant and therefore should be dismissed.

I. The Operation Icebreaker Enterprise

42.    With respect to Paragraphs 121 through 147, this Defendant lacks sufficient

16

information to admit or deny these allegations and therefore denies the same, and further denies that these allegations are directed at it or constitute a viable claim or viable cause of action as to this Defendant or that the Amended Complaint as a whole asserts a viable claim or viable cause of action as to this Defendant, and therefore should be dismissed.

J. The May 5, 2026 Arrest

43.    With respect to Paragraph 148, this Defendant lacks sufficient information or knowledge to admit or deny these allegations and therefore denies the same.  Further, this Defendant would state this paragraph does not assert a viable claim or cause of action against this Defendant and further states that the Amended Complaint does not state a viable claim or cause action against this Defendant and therefore should be dismissed.

44.    With respect to Paragraphs 149 through 162, this Defendant would only admit that Fusco and Petrini were notified of pending warrants, presented themselves for arrest and were arrested.  All other allegations, including any alleged wrongdoing, are specifically denied, and it is further denied that these paragraphs or the Amended Complaint in whole or in part state any viable claim or cause of action  and should be dismissed.

K. The Harrison County Adult Detention Center Custody

45.    With regards to Paragraphs 163 through 164, Defendant would only admit Plaintiffs were transported to the Harrison County Adult Detention Center, but would otherwise deny the remaining allegations as written and it is further denied that the Amended Complaint as a whole or in part states any claim or viable cause of action against this Defendant and therefore should be dismissed.

46.    With respect to Paragraphs 165 through 175, this Defendant lacks sufficient information or knowledge to admit or deny these allegations and therefore denies the same.

17

Further, this Defendant would state this paragraph does not assert a viable claim or cause of action against this Defendant and further states that the Amended Complaint does not state a viable claim or cause action against this Defendant and therefore should be dismissed.

47.     With respect to Paragraphs 176 through 177, Defendant would only admit Plaintiffs were required to post bond. All remaining allegations are denied, and it is further denied that these paragraphs do not state a viable claim or cause of action as to this Defendant or that the Amended Complaint as a whole states a viable claim or cause of action against this Defendant and therefore should be dismissed.

48.     With respect to Paragraphs 178 through 180, this Defendant lacks sufficient information or knowledge to admit or deny these allegations and therefore denies the same. Further, this Defendant would state this paragraph does not assert a viable claim or cause of action against this Defendant and further states that the Amended Complaint does not state a viable claim or cause action against this Defendant and therefore should be dismissed.

L. Defendant Poulos' May 5, 2026 Conduct

49.     With respect to Paragraphs 181 through 192 of Plaintiffs' Amended Complaint, this Defendant lacks sufficient information or knowledge to admit or deny these paragraphs and therefore denies the paragraphs, and would further state that these in the Amended Complaint do not state a viable cause of action or claim as to this Defendant and that the Amended Complaint as a whole does not state a viable cause of action or claim as to this Defendant, and therefore should be dismissed.

M. The Selective-Disclosure Scheme by Defendants McMahan and Thacker

50.     With respect to Paragraphs 193 through 201 of Plaintiffs' Amended Complaint, Defendant would state that Catherine McMahan and Stacy Thacker are employees of the City

of Biloxi. All remaining allegations are denied, and it is further denied that these paragraphs do not state a viable claim or cause of action as to this Defendant or that the Amended Complaint as a whole states a viable claim or cause of action against this Defendant and therefore should be dismissed.

N. Witness J.P.'s Pre-Suit Disclosures

51.     With respect to Paragraph 202 of Plaintiffs' Amended Complaint, this Defendant lacks sufficient information or knowledge to admit or deny this paragraph and therefore denies this paragraph, and further states that this paragraph fails to state a viable claim or cause of action against this Defendant, and further that the Amended Complaint as a whole or in part does not state a viable claim or cause of action against this Defendant and should be dismissed.

52.     Paragraphs 203 through 205 are denied.

53.     With respect to Paragraphs 206 through 207 of Plaintiffs' Amended Complaint, this Defendant lacks sufficient information or knowledge to admit or deny these paragraphs and therefore denies these paragraphs, and further states that these paragraphs fail to state a viable claim or cause of action against this Defendant, and further that the Amended Complaint as a whole or in part does not state a viable claim or cause of action against this Defendant and should be dismissed.

54.     With respect to Paragraphs 208 through 216 are denied as written.

55.     With respect to Paragraphs 217 through 219 of Plaintiffs' Amended Complaint, this Defendant lacks sufficient information or knowledge to admit or deny these paragraphs and therefore denies these paragraphs, and further states that these paragraphs fail to state a viable claim or cause of action against this Defendant, and further that the Amended Complaint as a whole or in part does not state a viable claim or cause of action against this Defendant and

should be dismissed.

O. The Three-Phase Electrical-Permit Denial and Manufactured Zoning Proceeding

56.     Defendant denies Paragraphs 220 through 229 as written and would further state that the Amended Complaint does not state a viable cause of action or claim as to this Defendant and that the Amended Complaint as a whole does not state a viable cause of action or claim as to this Defendant and therefore should be dismissed.

## IV.     CLAIMS FOR RELIEF

57.     With respect to "A. Count I – First Amendment: View Discrimination", Paragraphs 230 through 236 of Plaintiffs' Amended Complaint, this Defendant would adopt and incorporate herein by reference all prior answers and defenses filed on its behalf, and would deny all allegations contained in these paragraphs and would further state that the Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed in its entirety as to this Defendant and that it should be dismissed with prejudice.

58.     With respect to Paragraphs 237 through 245 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "B. Count II – First Amendment: Freedom of the Press", this Defendant would adopt and incorporate herein by reference all prior answers and defenses filed on its behalf, and would deny all allegations contained in these paragraphs and would further state that the Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed in its entirety as to this Defendant and that it should be dismissed with prejudice.

59.     With respect to Paragraphs 246 through 255 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "C. Count III – First Amendment: Retaliation", this Defendant would adopt and incorporate herein by reference all prior answers

and defenses filed on its behalf, and would deny all allegations contained in these paragraphs except to admit that a specially appointed Municipal Court Judge, acting upon probable cause, signed a warrant based on a private affidavit of an individual citizen, but would deny all allegations of wrongdoing against it or all Defendants, and would further deny that these paragraphs state a viable cause of action or claim against the Defendants or the City or that these Plaintiffs are entitled to any relief or any damages in amount whatsoever against any of these Defendants regardless of the capacity in which they were sued, and would further state that the Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed in its entirety as to this Defendant and that it should be dismissed with prejudice.

60.    With respect to Paragraphs 256 through 265 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "D. Count IV – First Amendment: Retaliatory Prosecution", this Defendant would incorporate by reference all prior answers and defenses raised herein, and would further deny all allegations contained in these paragraphs except to admit a Special Municipal Court Judge, based upon probable cause, issued a warrant and set bonds for these Plaintiffs but otherwise would deny all allegations contained in these paragraphs and further denies that these paragraphs state a viable claim or cause of action against this Defendant and deny that the Amended Complaint in whole or in part states a viable claim or cause of action against any of the Defendants.  Defendant further denies that the Plaintiffs are entitled to any relief as to any of the allegations contained therein or that they are entitled to any damages of any nature whatsoever regardless of the capacity in which the Plaintiffs have sued in this matter.

61.    With respect to Paragraphs 266 through 272 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "E. Count V – First Amendment:

21

Prior Restraint", this Defendant would adopt and incorporate herein by reference all prior answers and defenses filed on its behalf, and would deny all allegations contained in these paragraphs and would further state that the Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed in its entirety as to this Defendant and that it should be dismissed with prejudice.

62.     With respect to Paragraphs 273 through 280 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "F. Count VI – First Amendment: Access to Courts", this Defendant would adopt and incorporate herein by reference all prior answers and defenses filed on its behalf, and would deny all allegations contained in these paragraphs and would further state that the Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed in its entirety as to this Defendant and that it should be dismissed with prejudice.

63.     With respect to Paragraphs 281 through 288 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "G. Count VII – Fourth Amendment: Unreasonable Seizure (March 3, 2026 Chamber Removal)", this Defendant would adopt and incorporate herein by reference all prior answers and defenses filed on its behalf, and would deny all allegations contained in these paragraphs and would further state that the Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed in its entirety as to this Defendant and that it should be dismissed with prejudice.

64.     With respect to Paragraphs 289 through 297 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "H. Count VIII – Fourth Amendment: Unreasonable Seizure (May 5, 2026 Arrests Under Void Warrant)", this Defendant would adopt and incorporate herein by reference all prior answers and defenses filed on its

behalf, and would deny all allegations contained in these paragraphs and would further state that the Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed in its entirety as to this Defendant and that it should be dismissed with prejudice.

65.     With respect to Paragraphs 298 through 307 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "I. Count IX – Fourth Amendment: Malicious Procurement of Warrant", these paragraphs are not directed at this Defendant and therefore no affirmative response is required by this Defendant.  However, to the extent an affirmative response is required by this Defendant, Defendant would adopt and incorporate all prior answers and defenses raised herein, and would further deny each paragraph contained therein under this Count lacking information or belief to admit and therefore denying the same, and would further state that these paragraphs do not state a viable claim or cause of action as to any of these Defendant including Defendant, and should be dismissed with prejudice.

66.     With respect to Paragraphs 308 through 315 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "J. Count X – Fourth Amendment: Pretextual Targeting Directive", this Defendant would adopt and incorporate herein by reference all prior answers and defenses filed on its behalf, and would deny all allegations contained in these paragraphs and would further state that the Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed in its entirety as to this Defendant and that it should be dismissed with prejudice.

67.     With respect to Paragraphs 316 through 325 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "K. Count XI – Procedural Due Process: Settlement Breach", this Defendant would adopt and incorporate herein by reference all prior answers and defenses filed on its behalf, and would deny all allegations contained in these

paragraphs and would further state that the Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed in its entirety as to this Defendant and that it should be dismissed with prejudice.

68.     With respect to Paragraphs 326 through 337 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "L. Count XII – Procedural Due Process: Recusal Vacuum and Structural Capture", this Defendant would adopt and incorporate herein by reference all prior answers and defenses filed on its behalf, and would deny all allegations contained in these paragraphs and would further state that the Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed in its entirety as to this Defendant and that it should be dismissed with prejudice.

69.     With respect to Paragraphs 338 through 345 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "M. Count XIII – Equal Protection: Class-of-One and Selective Disclosure", this Defendant would adopt and incorporate herein by reference all prior answers and defenses filed on its behalf, and would deny all allegations contained in these paragraphs and would further state that the Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed in its entirety as to this Defendant and that it should be dismissed with prejudice.

70.     With respect to Paragraphs 346 through 353 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "N. Count XIV – Substantive Due Process: Shocks the Conscience", this Defendant would adopt and incorporate herein by reference all prior answers and defenses filed on its behalf, and would deny all allegations contained in these paragraphs and would further state that the Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed in its entirety as to this

24

Defendant and that it should be dismissed with prejudice.

71.    With respect to Paragraphs 354 through 361 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "O. Count XV – Eighth amendment: Excessive Bail", this Defendant would adopt and incorporate herein by reference all prior answers and defenses filed on its behalf, and would deny all allegations contained in these paragraphs and would further state that the Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed in its entirety as to this Defendant and that it should be dismissed with prejudice.

72.    With respect to Paragraphs 362 through 370 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "P. Count XVI – Informational Privacy: SSN Distribution and Driver's Privacy Protection Act", this Defendant would adopt and incorporate herein by reference all prior answers and defenses filed on its behalf, and would deny all allegations contained in these paragraphs and would further state that the Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed in its entirety as to this Defendant and that it should be dismissed with prejudice.

73.    With respect to Paragraphs 371 through 377 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "Q. Count XVII – 42 U.S.C. §1985(2): Conspiracy to Obstruct Federal Litigation", this Defendant would adopt and incorporate herein by reference all prior answers and defenses filed on its behalf, and would deny all allegations contained in these paragraphs and would further state that the Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed in its entirety as to this Defendant and that it should be dismissed with prejudice.

74.    With respect to Paragraphs 378 through 385 of Plaintiffs' Amended Complaint

under the heading "CLAIMS FOR RELIEF" and subheading "R. Count XVIII – 42 U.S.C. § 1985(3): Equal Protection Conspiracy", this Defendant would adopt and incorporate herein by reference all prior answers and defenses filed on its behalf, and would deny all allegations contained in these paragraphs and would further state that the Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed in its entirety as to this Defendant and that it should be dismissed with prejudice.

75.    With respect to Paragraphs 386 through 393 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "S. Count XIX – 42 U.S.C. § 1986: Neglect to Prevent", this Defendant would adopt and incorporate herein by reference all prior answers and defenses filed on its behalf, and would deny all allegations contained in these paragraphs and would further state that the Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed in its entirety as to this Defendant and that it should be dismissed with prejudice.

76.    With respect to Paragraphs 394 through 402 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "T. Count XX – 42 U.S.C. § 1983 Conspiracy (Council Meeting, Stop-Work Order, and Military-Channel Variants)", this Count and these paragraphs do not appear to be directed at this Defendant such that no affirmative response is required.  To the extent an affirmative response is required, Defendant The City would incorporate and adopt all prior answers and defenses and would deny all allegations contained in Paragraphs 394 through 402, and would state that this Count and these paragraphs fail to state a viable claim or cause of action against any of the Defendants named herein and should be dismissed, and that the Amended Complaint should be dismissed with prejudice.

77.    With respect to Paragraphs 403 through 412 of Plaintiffs' Amended Complaint

under the heading "CLAIMS FOR RELIEF" and subheading "U. Count XXI – Monell Municipal Liability", this Defendant would adopt and incorporate herein by reference all prior answers and defenses filed on its behalf, and would deny all allegations contained in these paragraphs and would further state that the Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed in its entirety as to this Defendant and that it should be dismissed with prejudice.

78.     With respect to Paragraphs 413 through 420 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "V. Count XXII – Title II of the Americans with Disabilities Act: Failure to Accommodate at Arrest", this Defendant would adopt and incorporate herein by reference all prior answers and defenses filed on its behalf, and would deny all allegations contained in these paragraphs and would further state that the Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed in its entirety as to this Defendant and that it should be dismissed with prejudice.

79.     With respect to Paragraphs 421 through 428 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "W. Count XXIII – Title II of the Americans with Disabilities Act: Medication Denial in Custody", this Count and these paragraphs do not appear to be directed at this Defendant and therefore no affirmative response is hereby required.  However, to the extent an affirmative response is hereby required, Defendant The City would incorporate and adopt all prior answers and defenses raised herein and would further deny all allegations contained under this Count, including all allegations contained in Paragraphs 421 through 428, lacking information or belief, and would further deny that this Count or these paragraphs state a viable cause of action or claim as to any Defendants herein and should be dismissed with prejudice.

80.     With respect to Paragraphs 429 through 439 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "X. Count XXIV – Fourth and Fourteenth Amendment: Unreasonable Search of the Body (X-ray and Strip Search)", this Count and these paragraphs do not appear to be directed at this Defendant and therefore no affirmative response is required by this Defendant.  However, to the extent an affirmative response is required, Defendant The City would incorporate and adopt all prior answers and defenses and would deny all allegations contained therein lacking information or belief, and would further state that this Count and these paragraphs fail to state a viable claim or cause or action against any of the Defendants herein and therefore should be dismissed with prejudice.

81.     With respect to Paragraphs 440 through 446 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "Y. Count XXV – Defamation (Mississippi Law – Reserved for Private Actors)", these allegations do not appear to be directed at this Defendant and therefore no affirmative response is required from this Defendant.  To the extent an affirmative response is required by this Defendant, Defendant The City would adopt and incorporate all prior answers and defenses and would deny the allegations of this Count, including those alleged in Paragraphs 440 through 446 lacking information or belief,  and would further state that these paragraphs and this Count fail to state a viable claim or cause of action and should be dismissed.

82.      With respect to Paragraphs 447 through 453 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "Z. Count XXVI – Defamation Per Se: Fabricated Booking Image (Mississippi Law)", these allegations do not appear to be directed at this Defendant and therefore no affirmative response is hereby required.  To the extent an affirmative response is hereby required, Defendant The City would adopt all prior answers and

defenses raised herein, and would further deny all allegations contained in Paragraphs 447 through 453 lacking information or belief, and would further state that these allegations in this Count fail to allege a viable claim or cause of action against any Defendants named herein and should be dismissed with prejudice.

83.    With respect to Paragraphs 454 through 462 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "AA. Count XXVII –First Amendment Retaliation and Unconstitutional Conditions: Manufactured Permit-Denial and Forced Zoning Proceeding", this Defendant would adopt and incorporate herein by reference all prior answers and defenses filed on its behalf, and would deny all allegations contained in these paragraphs and would further state that the Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed in its entirety as to this Defendant and that it should be dismissed with prejudice.

84.    With respect to Paragraphs 463 through 472 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "BB. Count XXVIII – Procedural Due Process: Manufactured Manufacturing Classification Without Required Procedure", this Defendant would adopt and incorporate herein by reference all prior answers and defenses filed on its behalf, and would deny all allegations contained in these paragraphs and would further state that the Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed in its entirety as to this Defendant and that it should be dismissed with prejudice.

85.    With respect to Paragraphs 473 through 482 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "CC. Count XXIX – Sixth and Fourteenth Amendments: Denial of Access to Counsel by Telephone Obstruction During Pretrial

29

Custody", this Defendant would adopt and incorporate herein by reference all prior answers and defenses filed on its behalf, and would deny all allegations contained in these paragraphs and would further state that the Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed in its entirety as to this Defendant and that it should be dismissed with prejudice.

86.     With respect to Paragraphs 483 through 490 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "DD. Count XXX – Mississippi Constitution Article 3 Violations (Supplemental Jurisdiction)", this Defendant would adopt and incorporate herein by reference all prior answers and defenses filed on its behalf, and would deny all allegations contained in these paragraphs and would further state that the Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed in its entirety as to this Defendant and that it should be dismissed with prejudice.

### V.   JURY DEMAND

87.     With respect to Paragraph 491 of Plaintiffs' Amended Complaint under the heading "JURY DEMAND", this paragraph is hereby denied.

### VI.   PRAYER FOR RELIEF

88.     With respect to the unnumbered paragraph under the heading "PRAYER FOR RELIEF", including subparts (a) through (q), this paragraph is hereby denied, and this Defendant denies that the Plaintiffs are entitled to any relief or damages of any nature or type whatsoever, whether or not it was expressly or non-expressly requested herein.

89.     Defendant hereby reserves the right to raise any additional affirmative defenses and further reserves the right to seek dismissal of all claims as to it pursuant to a Motion to Dismiss raising any of the affirmative defenses raised herein or raised by any other party.

Defendant further reserves the right to seek any and all damages to which he may be entitled pursuant to Rule 11 of the Federal Rules of Civil Procedure or the Mississippi Litigation Accountability Act as to these Plaintiffs.

90.    Any allegations not expressly admitted are hereby expressly denied.

91.    WHEREFORE, PREMISES CONSIDERED, Defendant, the City of Biloxi, Mississippi, prays that the Amended Complaint will be dismissed, with prejudice, at cost of the Plaintiffs, and Defendant prays for such other relief as he may be entitled under law or equity.

RESPECTFULLY SUBMITTED, this the 19th of June, 2026.

> DEFENDANT THE CITY OF BILOXI, MISSISSIPPI
>
> BY:    *s/ J. Henry Ros*
> J. HENRY ROS (MSB 5668)
> **CURRIE JOHNSON & MYERS, P.A.**
> 2355 Pass Road
> Biloxi, MS  39531
> Telephone:  228-388-1010
> Email: hros@curriejohnson.com

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have filed the above and foregoing pleading utilizing the ECF system which sent a true and correct copy to all counsel of record and have also mailed by United States Mail, postage prepaid, a true and correct copy of the above and foregoing pleading to the Pro Se parties at their mailing addresses as follows:

Yuri Petrini
929 Division Street
Biloxi, MS 39530

Jarrod Fusco
435 Cove Drive
Biloxi, MS 39531

Sam Poulos and Joanne Poulos
831 Jackson Street
Biloxi, MS  39530

THIS this the 19th day of June, 2026.

*s/ J. Henry Ros*

J. HENRY ROS (MSB 5668)
ZACHARY CRUTHIRDS (MSB 106279)
**CURRIE JOHNSON & MYERS, P.A.**
2355 Pass Road
Biloxi, Mississippi 39531
Telephone: (228) 385-1010
Facsimile: (228) 385-1011
Email:  hros@curriejohnson.com
        zcruthirds@curriejohnson.com