IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

YURI PETRINI and JARROD LEWIS FUSCO                      PLAINTIFFS

VERSUS                                        CAUSE NO. 1:26cv94-LG-RPM

KENNY GLAVAN, ET AL                                      DEFENDANTS

### MOLLY SCHROEDER'S ANSWER AND
### DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

COMES NOW the Defendant, Molly Schroeder ("Schroeder"), by and through her undersigned counsel, Currie Johnson & Myers, P.A., and files this her Answer and Affirmative Defenses to the Plaintiffs' First Amended Complaint and Jury Demand [ECF 18] as follows:

FIRST AFFIRMATIVE DEFENSE

Schroeder asserts all defenses available to her as set forth in FRCP 12(b)(1) through 12(b)(7) along with those found in FRCP 4(c), 8(c) and 19.  Defendant Schroeder reserves the right to file a Motion to Dismiss the Complaint in its entirety as to herself pursuant to any of these rules any other defenses available to her.

SECOND AFFIRMATIVE DEFENSE

The Amended Complaint constitutes an impermissible shotgun pleading and therefore should be dismissed under the applicable Federal Rules of Civil Procedure.

THIRD AFFIRMATIVE DEFENSE

Schroeder is immune from suit pursuant to the doctrine of qualified immunity.

FOURTH AFFIRMATIVE DEFENSE

Plaintiffs failed to follow the procedures set forth in Miss. Code Ann. § 11-46-1 *et seq.*, and therefore, their claims may be barred.

FIFTH AFFIRMATIVE DEFENSE

Schroeder is immune from suit under existing Mississippi law.

SIXTH AFFIRMATIVE DEFENSE

The Plaintiffs' alleged Notice of Claim, if any, also may have failed to comply with the provisions of Miss. Code Ann. §11-46-11, thereby requiring the dismissal of their Complaint under any basis contained in the statute and state law including failure to file the proper notice and filing suit without waiting the requisite statutory period.

SEVENTH AFFIRMATIVE DEFENSE

The damages of which Plaintiffs complain were proximately caused by the acts of a person(s) other than Schroeder, whose acts constitute the proximate cause or independent intervening cause of Plaintiffs' alleged injuries, and Schroeder seeks apportionment pursuant to Miss. Code Ann. § 85-5-7.

EIGHTH AFFIRMATIVE DEFENSE

The activities which are alleged in the Complaint are the activities which fall within the discretionary function of Schroeder, and Schroeder is thereby immune from liability under the law of the State of Mississippi.

NINTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to a trial by jury in this matter.

TENTH AFFIRMATIVE DEFENSE

With respect to any state law claims, Schroeder asserts any and all defenses available to her pursuant to Miss. Code Ann. § 11-46-9 et seq.

ELEVENTH AFFIRMATIVE DEFENSE

The allegations of this Complaint are not governed by any ministerial duty or function.

## TWELFTH AFFIRMATIVE DEFENSE

This action is governed by the provisions of the Mississippi Tort Claims Act, including, but not limited to, Miss. Code Ann. § 11-46-15, and any claim for the recovery of attorney's fees or punitive damages is barred.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by the applicable statute of limitations.

## FOURTEENTH AFFIRMATIVE DEFENSE

Money damages would constitute unjust enrichment of the Plaintiffs herein.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs may have failed to mitigate their damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff Petrini has failed to show any property has been taken for public use and thus cannot support a claim for inverse condemnation/constitutional taking.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant Schroeder did not act willfully or wantonly towards the Plaintiffs, act in a manner that would evoke outrage or revulsion in civilized society, act in any manner that was intended to cause harm to the Plaintiffs, and no actions by Schroeder could foreseeably cause severe emotional distress or any other damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Schroeder would affirmatively and alternatively state that Plaintiffs cannot attribute any wrongdoing to Defendant Schroeder

## NINETEENTH AFFIRMATIVE DEFENSE

At all times material hereto, Schroeder acted in a reasonable and prudent manner and

3

was justified in her actions. Therefore, Schroeder is not liable to the Plaintiffs for any damages.

## TWENTIETH AFFIRMATIVE DEFENSE

Any damage the Plaintiffs may have suffered, the existence of which is hereby expressly denied, are speculative in nature. Therefore, Plaintiffs' damages are not recoverable.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent the Plaintiffs have been paid monies by other entities for alleged damages and injuries suffered in relation to this case, Schroeder pleads the doctrine of accord and satisfaction and is entitled to a set off and/or credit for any such compensation received, should she be found liable to Plaintiffs, which is expressly denied.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Schroeder additionally pleads all defenses afforded under the Mississippi Tort Claims Act contained in Miss. Code Ann. § 11-46-1, et al.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Schroeder affirmatively asserts she did not cause a physical invasion to occur on Plaintiffs' property(ies).

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs may have failed to join all necessary parties to this action pursuant to FRCP 19.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring this case, and therefore their claims should be dismissed with prejudice.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs cannot show that they received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Schroeder hereby gives notice that she intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and thus reserves the right to Amend her Answer to assert any such defenses.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Since this matter is in the early stages of litigation, and Schroeder does not have the full benefit of discovery, she pleads all applicable affirmative rights and defenses available under federal and/or state law, rule or regulation, including but not limited to those defenses set forth in Rules 8 and 12 of the Federal Rules of Civil Procedure.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Schroeder asserts qualified immunity against all individual claims the Plaintiffs have made against her in this Amended Complaint under both federal and state law.

## THIRTIETH AFFIRMATIVE DEFENSE

Without limiting any causes of action filed by the Plaintiffs that may be subject to dismissal by this Court pursuant to FRCP 12(b)(6), Schroeder states that all claims by the Plaintiffs that she violated any constitutional rights the Plaintiffs held under any Amendment to the United States Constitution, including the First, Fourth or Fourteenth Amendments, fail to state a claim for which relief can be granted and should be dismissed with prejudice.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Although denying that the Plaintiffs are entitled to an award of punitive damages or any such whatsoever in this matter against her under state or federal law, Schroeder affirmatively states as follows:

5

1.      An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and § 14 of the Mississippi Constitution.

2.      No legislation has been enacted authorizing punitive damages in a civil action such as this or placing any limit on the amount of punitive damages awardable and/or, in the alternative, the provisions and procedures of Miss. Code Ann. § 11-1-65 are hereby invoked.

3.      An award of punitive damages in this civil action would violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and of § 14 of the Mississippi Constitution.

4.      The criteria used for determining whether and in what amount punitive damages may be awarded are impermissibly vague, imprecise and inconsistent and are, therefore, in violation of the due process provisions of the Fifth and Fourteenth Amendments to the Constitution of the United States.

5.      An award of punitive damages in this civil action would amount to an excessive fine in violation of the Eighth Amendment to the Constitution of the United States of America and of § 28 of the Mississippi Constitution.

THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs cannot recover punitive damages under 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986 and 42 U.S.C. § 1988 against Schroeder.

THIRTY-THIRD AFFIRMATIVE DEFENSE

At all times, the employees of the City of Biloxi acted in good faith and without malice and therefore cannot be held civilly or criminally liable pursuant to Section 104.8 of the

6

International Building Code and Section 104.8 of the International Residential Code as adopted by the City of Biloxi.

THIRTY-FOURTH AFFIRMATIVE DEFENSE

Schroeder pleads the defense of the public duty doctrine.

THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are not ripe.

THIRTY-SIXTH AFFIRMATIVE DEFENSE

Schroeder further pleads insufficiency of process and insufficient service of process pursuant to FRCP 12(b)(4) and 12(b)(5).

THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Schroeder did not regulate or attempt to regulate Plaintiffs' engagement in protected speech.

THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim for unreasonable seizure under the Fourth Amendment as no property, real or otherwise, has been seized by the City of Biloxi or any individual Defendant, including Schroeder.

THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs fail to show an agreement between two or more persons to deprive them of their civil rights and thus their claim for conspiracy fails and should be dismissed with prejudice.

FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs fail to show that there was a deprivation of their civil rights in furtherance of a conspiracy by a party to a conspiracy and thus their conspiracy claim should be dismissed with prejudice.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to demonstrate an Equal Protection Clause violation as this Defendant's actions had no discriminatory effect and were not motivated by a discriminatory purpose.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff Petrini is not a qualified individual with a disability under the ADA.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff Petrini has not been denied meaningful access to the City's services, programs, or activities and was not otherwise discriminated against.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

This Defendant pleads the new business rule.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

This Defendant pleads the minutes rule under Mississippi law.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff Petrini's claims involve the same parties and properties raised in 1:25-cv-00178, 1:25-cv-00233; and 1:25-cv-00254 and these repetitious claims should be barred by the rule against claim splitting.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs have improperly joined claims against parties that are both factually and legally unrelated.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, are speculative and Plaintiffs may not recover speculative damages.

FORTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff Petrini has engaged in attempts to improperly influence witnesses and accordingly his actions bar any equitable relief as he has unclean hands.

FIFTIETH AFFIRMATIVE DEFENSE

Plaintiffs seek certain relief that is not within the power of the District Court to grant.

FIFTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by res judicata, collateral estoppel, or issue preclusion.

**RESERVATION OF DEFENSES**

Schroeder is without knowledge or information sufficient to form a belief as to whether other defenses or affirmative defenses apply in this matter. However, contingent on the facts revealed by investigation and/or discovery, Schroeder expressly reserves her right to raise any additional defenses and affirmative defenses which may be applicable and seek damages pursuant to Rule 11 of the Federal Rules of Civil Procedure or Mississippi's Litigation Accountability Act.

**ANSWER**

And now, in answering Plaintiffs' Amended Complaint, paragraph by paragraph, Schroeder responds as follows:

**PRELIMINARY STATEMENT**

1.      The unnumbered paragraph listed under the heading "PRELIMINARY STATEMENT" is denied.

**I.      PARTIES, JURISDICTION, AND VENUE**

2.      With respect to Paragraph 1 of Plaintiffs' Amended Complaint under the heading "PARTIES", this Defendant would only state that this paragraph lists multiple parties but denies

that any of the Defendants listed herein have any liability to Plaintiffs in any capacity whatsoever, and she would further deny the Amended Complaint filed by these Plaintiffs states any viable claims or causes of action as to any of these Defendants and therefore should be dismissed.

## II.    JURISDICTION AND VENUE

3.    With Respect to Paragraph 2 of Plaintiffs' Amended Complaint under the heading "JURISDICTION AND VENUE", this Defendant would deny that there is proper jurisdiction or venue or that there is supplemental jurisdiction over any alleged state law claim and would further deny that the Amended Complaint states any viable claims or causes of action as to this Defendant and therefore should be dismissed.

## III.    STATEMENT OF FACTS

4.    With respect to Paragraphs 3 through 8 of Plaintiffs' Amended Complaint under the heading "STATEMENT OF FACTS" and the subheading "A. The October 1, 2025 Settlement", Defendant Schroeder lacks sufficient information to admit or deny these allegations and therefore denies the same, and further states upon information and belief these paragraphs are misstatements and therefore denies the same.  Further, Schroeder would deny that these paragraphs or the Amended Complaint in whole or in part state a viable cause of action or claim against any of these Defendants and should be dismissed.

5.    With respect to Paragraphs 9 through 18 of Plaintiffs' Amended Complaint under the heading "STATEMENT OF FACTS" and the subheading "B. The November 7, 2025 Surveillance and Email", Defendant Schroeder lacks sufficient information or belief to admit or deny the allegations contained therein and therefore denies all allegations contained therein, and further denies that these paragraphs in any way relate to this Defendant or in any way state any

viable claim as to this Defendant, and further asserts that the Amended Complaint as a whole or in part fails to state a claim as to this Defendant and should be dismissed with prejudice.

6.      With respect to Paragraphs 19 through 43 of Plaintiffs' Amended Complaint under the heading "STATEMENT OF FACTS" and the subheading "C. The March 31, 2026 Whitehead Visit and CIU Bulletin", Defendant Schroeder lacks sufficient information or belief to admit or deny the allegations contained therein and therefore denies all allegations contained therein, and further denies that these paragraphs in any way relate to this Defendant or in any way state any viable claim as to this Defendant, and further asserts that the Amended Complaint as a whole or in part fails to state a claim as to this Defendant and should be dismissed with prejudice.

7.      With respect to Paragraphs 44 through 53 of Plaintiffs' Amended Complaint under the heading "STATEMENT OF FACTS" and the subheading "D. The March 3, 2026 Council Meeting", Defendant Schroeder would only admit that the Biloxi City Council met on March 3, 2026, and the Plaintiffs appeared at said meeting and that Petrini addressed the Council and Fusco disrupted the council meeting.  Defendant would further state that these paragraphs do not state any claim or viable cause of action against this Defendant or any Defendants, and therefore denies the same further stating that the Amended Complaint in whole or in part does not state a viable claim or cause of action against this Defendant or any of these Defendants and should be dismissed.

8.      Paragraphs 54 through 63 of Plaintiffs' Amended Complaint under the heading "STATEMENT OF FACTS" and the subheading "E. The Military-Channel Retaliation Against Plaintiff Fusco", Defendant Schroeder lacks sufficient information or belief to admit or deny the allegations contained therein and therefore denies all allegations contained therein, and further

11

denies that these paragraphs in any way relate to this Defendant or in any way state any viable claim as to this Defendant, and further asserts that the Amended Complaint as a whole or in part fails to state a claim as to this Defendant and should be dismissed with prejudice.

9.    With respect to Paragraphs 64 through 67 of Plaintiffs' Amended Complaint under the heading "STATEMENT OF FACTS" and the subheading "F. The June 30, 2025 Stop-Work Order", Defendant Schroeder lacks sufficient information or belief to admit or deny the allegations contained therein and therefore denies all allegations contained therein, and further denies that these paragraphs in any way relate to this Defendant or in any way state any viable claim as to this Defendant, and further asserts that the Amended Complaint as a whole or in part fails to state a claim as to this Defendant and should be dismissed with prejudice.

10.    With respect to Paragraphs 68 through 93 of Plaintiffs' Amended Complaint under the heading "STATEMENT OF FACTS" and the subheading "G. The April 28, 2026 Coordinated Day", this Defendant would only admit that a private individual Tara Ramage executed a charging affidavit against Plaintiffs Petrini and Fusco, but all other allegations contained in these paragraphs are denied, and further denies that the allegations contained in theses paragraphs state a viable claim or cause of action against this Defendant, and further that the Amended Complaint as a whole or in part states a viable cause of action against this Defendant, and therefore should be dismissed.

11.    With respect to Paragraphs 94 through 120 of Plaintiffs' Amended Complaint under the heading "STATEMENT OF FACTS" and the subheading "H. The April 29, 2026 Warrant", would only admit upon information belief that based upon probable cause a warrant was issued by a specially appointed Municipal Judge for the City of Biloxi but would further state these paragraphs do not appear to be paragraphs directed at this Defendant and do not state

a cause of action or claim as to this Defendant, and therefore these paragraphs are denied out of an abundance of caution, and it is further denied that the Amended Complaint as a whole or in part states any claim or viable cause of action against this Defendant, and therefore should be dismissed.

12.    With respect to Paragraphs 121 through 147 under the heading "STATEMENT OF FACTS" and the subheading "I. The Operation Icebreaker Enterprise", this Defendant lacks sufficient information to admit or deny these allegations and therefore denies the same, and further denies that these allegations are directed at her or constitute a viable claim or viable cause of action as to this Defendant or that the Amended Complaint as a whole asserts a viable claim or viable cause of action as to this Defendant, and therefore should be dismissed.

13.    With respect to Paragraphs 148 through 162 under the heading "STATEMENT OF FACTS" and the subheading "J. The May 5, 2026 Arrest", this Defendant lacks sufficient information to admit or deny these allegations and therefore denies the same, and further denies that these allegations are directed at her or constitute a viable claim or viable cause of action as to this Defendant or that the Amended Complaint as a whole asserts a viable claim or viable cause of action as to this Defendant, and therefore should be dismissed.

14.    With respect to Paragraphs 163 through 180 of Plaintiffs' Amended Complaint under the heading "STATEMENT OF FACTS" and the subheading "K. The Harrison County Adult Detention Center Custody", this Defendant lacks sufficient information to admit or deny these allegations and therefore denies the same, and further denies that these allegations are directed at her or constitute a viable claim or viable cause of action as to this Defendant or that the Amended Complaint as a whole asserts a viable claim or viable cause of action as to this Defendant, and therefore should be dismissed.

15.     With respect to Paragraphs 181 through 192 of Plaintiffs' Amended Complaint under the heading "STATEMENT OF FACTS" and the subheading "L. Defendant Poulos' May 5, 2026 Conduct", this Defendant lacks sufficient information or knowledge to admit or deny these paragraphs and therefore denies the paragraphs, and would further state that these in the Amended Complaint do not state a viable cause of action or claim as to this Defendant and that the Amended Complaint as a whole does not state a viable cause of action or claim as to this Defendant, and therefore should be dismissed.

16.     With respect to Paragraphs 193 through 201 of Plaintiffs' Amended Complaint under the heading "STATEMENT OF FACTS" and the subheading "M. The Selective-Disclosure Scheme by Defendants McMahan and Thacker", Defendant would admit that Catherine McMahan and Stacy Thacker are employees of the City of Biloxi.  All remaining allegations are denied, and it is further denied that these paragraphs state a viable claim or cause of action as to this Defendant or that the Amended Complaint as a whole or in part states a viable claim or cause of action and therefore should be dismissed.

17.     With respect to Paragraphs 202 through 219 of Plaintiffs' Amended Complaint under the heading "STATEMENT OF FACTS" and the subheading "N. Witness J.P.'s Pre-Suit Disclosures", this Defendant lacks sufficient information or knowledge to admit or deny these paragraphs and therefore denies these paragraphs, and further states that these paragraphs fail to state a viable claim or cause of action against this Defendant, and further that the Amended Complaint as a whole or in part does not state a viable claim or cause of action against and should be dismissed.

18.     With respect to Paragraphs 220 through 229 of Plaintiffs' Amended Complaint under the heading "STATEMENT OF FACTS" and the subheading "O. The Three-Phase

14

Electrical-Permit Denial and Manufactured Zoning Proceeding", this Defendant lacks sufficient information or knowledge to admit or deny the allegations contained therein and therefore denies the same, and would further state these paragraphs do not state a viable claim or cause of action and that the Amended Complaint as a whole or in part does not state a viable claim or cause of action and therefore should be dismissed.

### IV.    CLAIMS FOR RELIEF

19.    With respect to "A. Count I – First Amendment: View Discrimination", Paragraphs 230 through 236 of Plaintiffs' Amended Complaint, these paragraphs in this Count do not appear to be directed to Defendant Schroeder and therefore no responsive pleading would be required on behalf of Schroeder.  To the extent a responsive pleading is required on behalf of Schroeder, Defendant would incorporate all prior answers and defenses raised herein and further deny all paragraphs stated therein, and would further deny that these Defendants named herein did any wrongdoing or committed any violation or that these paragraphs state a viable claim or cause of action or that Plaintiffs are entitled to any relief or damages of any nature or type, and that the Amended Complaint should be dismissed as to Schroeder and all Defendants with said dismissal to be with prejudice.

20.    Paragraphs 237 through 245 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "B. Count II – First Amendment: Freedom of the Press", these paragraphs in this Count do not appear to be directed to Defendant Schroeder and therefore no responsive pleading would be required on behalf of Schroeder.  To the extent a responsive pleading is required on behalf of Schroeder, Defendant would incorporate all prior answers and defenses raised herein and further deny all paragraphs stated therein, and would further deny that these Defendants named herein did any wrongdoing or committed any violation

or that these paragraphs state a viable claim or cause of action or that Plaintiffs are entitled to any relief or damages of any nature or type, and that the Amended Complaint should be dismissed as to Schroeder and all Defendants with said dismissal to be with prejudice.

21.     Paragraphs 246 through 255 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "C. Count III – First Amendment: Retaliation", this Defendant would adopt and incorporate herein by reference all prior answers and defenses raised herein and would deny all allegations contained in these paragraphs.  Defendant denies all allegations of wrongdoing against her, and would further deny that these paragraphs state a viable cause of action or claim against her or that these Plaintiffs are entitled to any relief or any damages in amount whatsoever against any of these Defendants regardless of the capacity in which they were sued, and would further state that the Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed in its entirety as to this Defendant with prejudice.

22.     With respect to Paragraphs 256 through 265 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "D. Count IV – First Amendment: Retaliatory Prosecution", this Defendant would adopt and incorporate herein by reference all prior answers and defenses raised herein and would deny all allegations contained in these paragraphs.  Defendant denies all allegations of wrongdoing against her, and would further deny that these paragraphs state a viable cause of action or claim against her or that these Plaintiffs are entitled to any relief or any damages in amount whatsoever against any of these Defendants regardless of the capacity in which they were sued, and would further state that the Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed in its entirety as to this Defendant with prejudice.

23.     With respect to Paragraphs 266 through 272 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "E. Count V – First Amendment: Prior Restraint", these paragraphs in this Count do not appear to be directed to Defendant Schroeder and therefore no responsive pleading would be required on behalf of Schroeder.  To the extent a responsive pleading is required on behalf of Schroeder, Defendant would incorporate all prior answers and defenses raised herein and further deny all paragraphs stated therein, and would further deny that these Defendants named herein did any wrongdoing or committed any violation or that these paragraphs state a viable claim or cause of action or that Plaintiffs are entitled to any relief or damages of any nature or type, and that the Amended Complaint should be dismissed as to Schroeder and all Defendants with said dismissal to be with prejudice.

24.     With respect to Paragraphs 273 through 280 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "F. Count VI – First Amendment: Access to Courts", these paragraphs in this Count do not appear to be directed to Defendant Schroeder and therefore no responsive pleading would be required on behalf of Schroeder.  To the extent a responsive pleading is required on behalf of Schroeder, Defendant would incorporate all prior answers and defenses raised herein and further deny all paragraphs stated therein, and would further deny that these Defendants named herein did any wrongdoing or committed any violation or that these paragraphs state a viable claim or cause of action or that Plaintiffs are entitled to any relief or damages of any nature or type, and that the Amended Complaint should be dismissed as to Schroeder and all Defendants with said dismissal to be with prejudice.

25.     With respect to Paragraphs 281 through 288 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "G. Count VII – Fourth Amendment: Unreasonable Seizure (March 3, 2026 Chamber Removal)", these paragraphs in

17

this Count do not appear to be directed to Defendant Schroeder and therefore no responsive pleading would be required on behalf of Schroeder.  To the extent a responsive pleading is required on behalf of Schroeder, Defendant would incorporate all prior answers and defenses raised herein and further deny all paragraphs stated therein, and would further deny that these Defendants named herein did any wrongdoing or committed any violation or that these paragraphs state a viable claim or cause of action or that Plaintiffs are entitled to any relief or damages of any nature or type, and that the Amended Complaint should be dismissed as to Schroeder and all Defendants with said dismissal to be with prejudice.

26.     With respect to Paragraphs 289 through 297 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "H. Count VIII – Fourth Amendment: Unreasonable Seizure (May 5, 2026 Arrests Under Void Warrant)", this Defendant would adopt and incorporate herein by reference all prior answers and defenses raised herein and would deny all allegations contained in these paragraphs.  Defendant denies all allegations of wrongdoing against her, and would further deny that these paragraphs state a viable cause of action or claim against her or that these Plaintiffs are entitled to any relief or any damages in amount whatsoever against any of these Defendants regardless of the capacity in which they were sued, and would further state that the Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed in its entirety as to this Defendant with prejudice.

27.     With respect to Paragraphs 298 through 307 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "I. Count IX – Fourth Amendment: Malicious Procurement of Warrant", this Defendant would adopt and incorporate herein by reference all prior answers and defenses raised herein and would deny all allegations contained in these paragraphs.  Defendant denies all allegations of wrongdoing against her, and would

18

further deny that these paragraphs state a viable cause of action or claim against her or that these Plaintiffs are entitled to any relief or any damages in amount whatsoever against any of these Defendants regardless of the capacity in which they were sued, and would further state that the Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed in its entirety as to this Defendant with prejudice.

28.      With respect to Paragraphs 308 through 315 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "J. Count X – Fourth Amendment: Pretextual Targeting Directive", these paragraphs in this Count do not appear to be directed to Defendant Schroeder and therefore no responsive pleading would be required on behalf of Schroeder.  To the extent a responsive pleading is required on behalf of Schroeder, Defendant would incorporate all prior answers and defenses raised herein and further deny all paragraphs stated therein, and would further deny that these Defendants named herein did any wrongdoing or committed any violation or that these paragraphs state a viable claim or cause of action or that Plaintiffs are entitled to any relief or damages of any nature or type, and that the Amended Complaint should be dismissed as to Schroeder and all Defendants with said dismissal to be with prejudice.

29.      With respect to Paragraphs 316 through 325 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "K. Count XI – Procedural Due Process: Settlement Breach", these paragraphs in this Count do not appear to be directed at this Defendant and therefore no affirmative response is required.  However, to the extent an affirmative response is required, Defendant Schroeder would incorporate and adopt all prior answers and defenses raised herein, and would deny all said paragraphs, and would further state that the paragraphs in this Count fail to state a viable claim or cause of action against any of the

19

Defendants named herein and should be dismissed with prejudice. Defendant denies Plaintiffs are entitled to any relief or damages of any nature or type requested herein.

30. With respect to Paragraphs 326 through 337 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "L. Count XII – Procedural Due Process: Recusal Vacuum and Structural Capture", these paragraphs in this Count do not appear to be directed to Defendant Schroeder and therefore no responsive pleading would be required on behalf of Schroeder. To the extent a responsive pleading is required on behalf of Schroeder, Defendant would incorporate all prior answers and defenses raised herein and further deny all paragraphs stated therein, and would further deny that these Defendants named herein did any wrongdoing or committed any violation or that these paragraphs state a viable claim or cause of action or that Plaintiffs are entitled to any relief or damages of any nature or type, and that the Amended Complaint should be dismissed as to Schroeder and all Defendants with said dismissal to be with prejudice.

31. Paragraphs 338 through 345 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "M. Count XIII – Equal Protection:  Class-of-One and Selective Disclosure", these paragraphs in this Count do not appear to be directed to Defendant Schroeder and therefore no responsive pleading would be required on behalf of Schroeder. To the extent a responsive pleading is required on behalf of Schroeder, Defendant would incorporate all prior answers and defenses raised herein and further deny all paragraphs stated therein, and would further deny that these Defendants named herein did any wrongdoing or committed any violation or that these paragraphs state a viable claim or cause of action or that Plaintiffs are entitled to any relief or damages of any nature or type, and that the Amended Complaint should be dismissed as to Schroeder and all Defendants with said dismissal to be with prejudice.

20

32.     With respect to Paragraphs 346 through 353 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "N. Count XIV – Substantive Due Process: Shocks the Conscience", this Defendant would adopt and incorporate herein by reference all prior answers and defenses raised herein and would deny all allegations contained in these paragraphs.  Defendant denies all allegations of wrongdoing against her, and would further deny that these paragraphs state a viable cause of action or claim against her or that these Plaintiffs are entitled to any relief or any damages in amount whatsoever against any of these Defendants regardless of the capacity in which they were sued, and would further state that the Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed in its entirety as to this Defendant with prejudice.

33.     With respect to Paragraphs 354 through 361 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "O. Count XV – Eighth amendment: Excessive Bail", these paragraphs in this Count do not appear to be directed to Defendant Schroeder and therefore no responsive pleading would be required on behalf of Schroeder.  To the extent a responsive pleading is required on behalf of Schroeder, Defendant would incorporate all prior answers and defenses raised herein and further deny all paragraphs stated therein, and would further deny that these Defendants named herein did any wrongdoing or committed any violation or that these paragraphs state a viable claim or cause of action or that Plaintiffs are entitled to any relief or damages of any nature or type, and that the Amended Complaint should be dismissed as to Schroeder and all Defendants with said dismissal to be with prejudice.

34.     With respect to Paragraphs 362 through 370 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "P. Count XVI – Informational

21

Privacy: SSN Distribution and Driver's Privacy Protection Act", these paragraphs in this Count do not appear to be directed to Defendant Schroeder and therefore no responsive pleading would be required on behalf of Schroeder.  To the extent a responsive pleading is required on behalf of Schroeder, Defendant would incorporate all prior answers and defenses raised herein and further deny all paragraphs stated therein, and would further deny that these Defendants named herein did any wrongdoing or committed any violation or that these paragraphs state a viable claim or cause of action or that Plaintiffs are entitled to any relief or damages of any nature or type, and that the Amended Complaint should be dismissed as to Schroeder and all Defendants with said dismissal to be with prejudice.

35.     With respect to Paragraphs 371 through 377 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "Q. Count XVII – 42 U.S.C. §1985(2): Conspiracy to Obstruct Federal Litigation", this Defendant would adopt and incorporate herein by reference all prior answers and defenses raised herein and would deny all allegations contained in these paragraphs.  Defendant denies all allegations of wrongdoing against her, and would further deny that these paragraphs state a viable cause of action or claim against her or that these Plaintiffs are entitled to any relief or any damages in amount whatsoever against any of these Defendants regardless of the capacity in which they were sued, and would further state that the Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed in its entirety as to this Defendant with prejudice.

36.     With respect to Paragraphs 378 through 385 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "R. Count XVIII – 42 U.S.C. § 1985(3): Equal Protection Conspiracy", this Defendant would adopt and incorporate herein by reference all prior answers and defenses raised herein and would deny all allegations contained

22

in these paragraphs.  Defendant denies all allegations of wrongdoing against her, and would further deny that these paragraphs state a viable cause of action or claim against her or that these Plaintiffs are entitled to any relief or any damages in amount whatsoever against any of these Defendants regardless of the capacity in which they were sued, and would further state that the Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed in its entirety as to this Defendant with prejudice.

37.    With respect to Paragraphs 386 through 393 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "S. Count XIX – 42 U.S.C. § 1986: Neglect to Prevent", these paragraphs in this Count do not appear to be directed to Defendant Schroeder and therefore no responsive pleading would be required on behalf of Schroeder.  To the extent a responsive pleading is required on behalf of Schroeder, Defendant would incorporate all prior answers and defenses raised herein and further deny all paragraphs stated therein, and would further deny that these Defendants named herein did any wrongdoing or committed any violation or that these paragraphs state a viable claim or cause of action or that Plaintiffs are entitled to any relief or damages of any nature or type, and that the Amended Complaint should be dismissed as to Schroeder and all Defendants with said dismissal to be with prejudice.

38.    With respect to Paragraphs 394 through 402 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "T. Count XX – 42 U.S.C. § 1983 Conspiracy (Council Meeting, Stop-Work Order, and Military-Channel Variants)", these paragraphs in this Count do not appear to be directed to Defendant Schroeder and therefore no responsive pleading would be required on behalf of Schroeder.  To the extent a responsive pleading is required on behalf of Schroeder, Defendant would incorporate all prior answers and defenses raised herein and further deny all paragraphs stated therein, and would further deny that

23

these Defendants named herein did any wrongdoing or committed any violation or that these paragraphs state a viable claim or cause of action or that Plaintiffs are entitled to any relief or damages of any nature or type, and that the Amended Complaint should be dismissed as to Schroeder and all Defendants with said dismissal to be with prejudice.

39. With respect to Paragraphs 403 through 412 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "U. Count XXI – Monell Municipal Liability", this Count and these paragraphs do not appear to be directed at this Defendant such that no affirmative response is hereby required. To the extent an affirmative is hereby required, Defendant Schroeder hereby adopts and incorporates all prior answers and defenses, and would further deny all allegations contained therein, and further states that this Count and these paragraphs fail to state a viable claim or cause of action against any of the Defendants named herein and should be dismissed with prejudice.

40. With respect to Paragraphs 413 through 420 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "V. Count XXII – Title II of the Americans with Disabilities Act: Failure to Accommodate at Arrest", these paragraphs in this Count do not appear to be directed to Defendant Schroeder and therefore no responsive pleading would be required on behalf of Schroeder. To the extent a responsive pleading is required on behalf of Schroeder, Defendant would incorporate all prior answers and defenses raised herein and further deny all paragraphs stated therein, and would further deny that these Defendants named herein did any wrongdoing or committed any violation or that these paragraphs state a viable claim or cause of action or that Plaintiffs are entitled to any relief or damages of any nature or type, and that the Amended Complaint should be dismissed as to Schroeder and all Defendants with said dismissal to be with prejudice.

41.     With respect to Paragraphs 421 through 428 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "W. Count XXIII – Title II of the Americans with Disabilities Act: Medication Denial in Custody", this Count and these paragraphs do not appear to be directed at this Defendant and therefore no affirmative response is hereby required.  However, to the extent an affirmative response is hereby required, Defendant Schroeder would incorporate and adopt all prior answers and defenses raised herein and would further deny all allegations contained under this Count, including all allegations contained in Paragraphs 421 through 428, lacking information or belief, and would further deny that this Count or these paragraphs state a viable cause of action or claim as to any Defendants herein and should be dismissed with prejudice.

42.     With respect to Paragraphs 429 through 439 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "X. Count XXIV – Fourth and Fourteenth Amendment: Unreasonable Search of the Body (X-ray and Strip Search)", this Count and these paragraphs do not appear to be directed at this Defendant and therefore no affirmative response is required by this Defendant.  However, to the extent an affirmative response is required, Defendant Schroeder would incorporate and adopt all prior answers and defenses and would deny all allegations contained therein lacking information or belief, and would further state that this Count and these paragraphs fail to state a viable claim or cause or action against any of the Defendants herein and therefore should be dismissed with prejudice.

43.     With respect to Paragraphs 440 through 446 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "Y. Count XXV – Defamation (Mississippi Law – Reserved for Private Actors)", these allegations do not appear to be directed at this Defendant and therefore no affirmative response is required from this Defendant.  To the

extent an affirmative response is required by this Defendant, Defendant Schroeder would adopt and incorporate all prior answers and defenses and would deny the allegations of this Count, including those alleged in Paragraphs 440 through 446 lacking information or belief,  and would further state that these paragraphs and this Count fail to state a viable claim or cause of action and should be dismissed.

44.     With respect to Paragraphs 447 through 453 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "Z. Count XXVI – Defamation Per Se: Fabricated Booking Image (Mississippi Law)", these allegations do not appear to be directed at this Defendant and therefore no affirmative response is hereby required.  To the extent an affirmative response is hereby required, Defendant Schroeder would adopt all prior answers and defenses raised herein, and would further deny all allegations contained in Paragraphs 447 through 453 lacking information or belief, and would further state that these allegations in this Count fail to allege a viable claim or cause of action against any Defendants named herein and should be dismissed with prejudice.

45.     Paragraphs 454 through 462 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "AA. Count XXVII –First Amendment Retaliation and Unconstitutional Conditions: Manufactured Permit-Denial and Forced Zoning Proceeding", these paragraphs in this Count do not appear to be directed to Defendant Schroeder and therefore no responsive pleading would be required on behalf of Schroeder.  To the extent a responsive pleading is required on behalf of Schroeder, Defendant would incorporate all prior answers and defenses raised herein and further deny all paragraphs stated therein, and would further deny that these Defendants named herein did any wrongdoing or committed any violation or that these paragraphs state a viable claim or cause of action or that Plaintiffs are entitled to any relief or

damages of any nature or type, and that the Amended Complaint should be dismissed as to Schroeder and all Defendants with said dismissal to be with prejudice.

46.     Paragraphs 463 through 472 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "BB. Count XXVIII – Procedural Due Process: Manufactured Manufacturing Classification Without Required Procedure", these allegations do not appear to be directed at this Defendant and therefore no affirmative response is hereby required.  To the extent an affirmative response is hereby required, Defendant Schroeder would adopt all prior answers and defenses raised herein and would further state that these allegations in this Count fail to allege a viable claim or cause of action against any Defendants named herein and should be dismissed with prejudice.

47.     Paragraphs 473 through 482 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "CC. Count XXIX – Sixth and Fourteenth Amendments: Denial of Access to Counsel by Telephone Obstruction During Pretrial Custody", these allegations do not appear to be directed at this Defendant and therefore no affirmative response is hereby required.  To the extent an affirmative response is hereby required, Defendant Schroeder would adopt all prior answers and defenses raised herein and would further state that these allegations in this Count fail to allege a viable claim or cause of action against any Defendants named herein and should be dismissed with prejudice.

48.     With respect to Paragraphs 483 through 490 of Plaintiffs' Amended Complaint under the heading "CLAIMS FOR RELIEF" and subheading "DD. Count XXX – Mississippi Constitution Article 3 Violations (Supplemental Jurisdiction)", this Count is hereby denied, and all allegations contained therein are hereby denied by Defendant Schroeder, and Schroeder would further incorporate and adopt all prior answers and defenses raised herein and request that

27

this Court dismiss this Count and all allegations contained therein with prejudice.

## V.      JURY DEMAND

49.      With respect to Paragraph 491 of Plaintiffs' Amended Complaint under the heading "JURY DEMAND", this paragraph is hereby denied.

## VI.     PRAYER FOR RELIEF

50.      With respect to the unnumbered paragraph under the heading "PRAYER FOR RELIEF", including subparts (a) through (q), and any subparts of (a) through (q), this paragraph is hereby denied, and this Defendant denies that the Plaintiffs are entitled to any relief or damages of any nature or type whatsoever, whether or not it was expressly or non-expressly requested herein.

51.      Defendant Schroeder hereby reserves the right to raise any additional affirmative defenses and further reserves the right to seek dismissal of all claims as to her pursuant to a Motion to Dismiss raising any of the affirmative defenses raised herein or raised by any other party.  Schroeder further reserves the right to seek any and all damages to which she may be entitled pursuant to Rule 11 of the Federal Rules of Civil Procedure or the Mississippi Litigation Accountability Act as to these Plaintiffs.

52.      Any allegations not expressly admitted are hereby expressly denied.

53.      WHEREFORE, PREMISES CONSIDERED, Defendant Molly Schroeder prays that the Amended Complaint will be dismissed, with prejudice, at cost of the Plaintiffs, and Defendant Schroeder prays for such other relief as she may be entitled under law or equity.

RESPECTFULLY SUBMITTED, this the 19th of June, 2026.

MOLLY SCHROEDER, DEFENDANT

BY:      *s/ J. Henry Ros*
J. HENRY ROS (MSB 5668)

28

## CERTIFICATE OF SERVICE

I do hereby certify that I have filed the above and foregoing pleading utilizing the ECF system which sent a true and correct copy to all counsel of record and have also mailed by United States Mail, postage prepaid, a true and correct copy of the above and foregoing pleading to the Pro Se parties at their mailing addresses as follows:

Yuri Petrini
929 Division Street
Biloxi, MS 39530

Jarrod Fusco
435 Cove Drive
Biloxi, MS 39531

Sam Poulos and Joanne Poulos
831 Jackson Street
Biloxi, MS  39530

THIS this the 19th day of June, 2026.

*s/ J. Henry Ros*

J. HENRY ROS (MSB 5668)
ZACHARY CRUTHIRDS (MSB 106279)
**CURRIE JOHNSON & MYERS, P.A.**
2355 Pass Road
Biloxi, Mississippi 39531
Telephone: (228) 385-1010
Facsimile: (228) 385-1011
Email:  hros@curriejohnson.com
        zcruthirds@curriejohnson.com