trim_exB.pdf | 216.5 KB · SHA-256: ecab964f5a0319b5...                                    [VERIFIED]

## EXHIBIT B                                              1:26-cv-00094-LG-RPM

**Date:** Thu, 25 Jun 2026 21:54:02 +0000        **Msg-ID:** <CHAPR22MB9422871DADAF5DF26C...

**From:** Tim Holleman (Tim Holleman (DEFENSE COUNSEL))

**To:** "investigations@ago.ms.gov"

**CC:** "Yuri Petrini (PLAINTIFF)" (Yuri Petrini (PLAINTIFF)), Jarrod Lewis Fusco , Zachary Cruthirds (Zachary Cruthirds (DEFENSE COUNSEL)), Michael Whitehead (Michael Whitehead (City Planner - PMP)), "Joseph H. Ros" (J. Henry Ros (DEFENSE COUNSEL))

**Subject:** Request for Quo Warranto by Yuri Petrini

**Thread:** 19f00c6ac3196528                        **Labels:** IMPORTANT, CATEGORY_PERSO...

**Attach:** image001.png, image002.png, Doc 01 - Complaint for Writ of Mandamus (003) Immigration.pdf

## INTEGRITY & ORIGIN VERIFICATION

**DKIM:** ■ N/A                                  **SPF:** ■ N/A

**SHA-256:** f0da137c2f86206b7e2ff2e5...        **Custodian:** 0010101

## MESSAGE BODY

The Honorable Lynn Fitch
Attorney General of the State of Mississippi
Public Integrity Division
550 High Street, Suite 1200
Jackson, MS 39201
investigations@ago.ms.gov<mailto:investigations@ago.ms.gov>

Dear General Fitch:

I have received a copy of Mr. Yuri Petrini's correspondence entitled "Request for Quo Warranto Proceedings - Scott H. Lusk." Because the letter contains several factual and legal assertions concerning matters in which I represent parties, I believe it appropriate to provide additional information that may assist your Office in evaluating his request.

First, Mr. Petrini represents himself in his letter as "a citizen of the State of Mississippi." That characterization appears to be inconsistent with his own prior federal pleading. In July 2024, Mr. Petrini filed a Complaint for Writ of Mandamus in the United States District Court for the Southern District of Mississippi, Civil Action No. 1:24-cv-225, in which he affirmatively alleged that he is an Italian citizen residing in Biloxi, Mississippi, with a pending application to adjust his immigration status to lawful permanent resident through an employment-based National Interest Waiver petition. I have enclosed a copy of that complaint for your review. I am unsure of his legal status, perhaps your office could determine such.

Second, your Office should be aware of Mr. Petrini's extensive litigation history. To date, he has filed at least five federal civil actions in the Southern District of Mississippi naming approximately fifty defendants: Civil Action Nos. 1:25-cv-178, 1:25-cv-233, 1:25-cv-254, 1:26-cv-069, and 1:26-cv-094. In Civil Action No. 1:25-cv-178, United States District Judge Louis Guirola entered Orders of Dismissal and Final Judgment, copies of which are enclosed. In those orders, Judge Guirola observed that there were nonfrivolous claims that Mr. Petrini "is engaged in malicious or vexatious

1:26-cv-00094-LG-RPM                        Page 5

litigation." The Court also discussed Mr. Petrini's apparent motives for pursuing portions of his litigation. See, e.g., pages 36 through 39 of the Court's Order. Those observations provide important context for evaluating the present request.

Third, Mr. Petrini's description of the appointment of Judge Scott Lusk materially omits the statutory framework under which that designation occurred. Biloxi has two regularly appointed municipal judges, Judges Stephen Simpson and James Steele, both of whom serve as salaried municipal judges. The City also has a duly appointed municipal judge pro tempore, Judge Apryl Ready, who serves on an as-needed basis and is compensated hourly when called upon to serve. Although "pro tempore" is Latin for "for the time being" or "temporarily," the practical effect is that the municipal judge pro tempore serves only when a regularly sitting municipal judge is unavailable.

At the time the underlying criminal charges were filed against Petrini, Judge Steele was unavailable because of medical issues, and Judge Ready had recused herself due to Mr. Petrini's pending litigation against her. Accordingly, Judge Ready, as the municipal judge pro tempore, was "unable ... to serve" within the meaning of Miss. Code Ann. § 21-23-9. Under those circumstances, Judge Simpson designated Scott H. Lusk, the duly elected Municipal Judge of the City of D'Iberville, to preside over the matter before recusing himself.

This procedure is expressly authorized by § 21-23-9. The statute distinguishes between two separate acts: (1) the appointment of a municipal judge pro tempore by the governing authorities; and (2) the designation of a justice court judge or municipal judge of another municipality by the municipal judge when the pro tempore judge is absent or unable to serve.

Judge Simpson did not appoint Judge Lusk to the office of municipal judge pro tempore. Rather, he designated an already-qualified municipal judge from another municipality to serve temporarily in a particular matter, precisely as contemplated by the statute.

Indeed, your predecessor Attorney General has previously interpreted § 21-23-9 in the same manner. In Attorney General Opinion No. 2013-00279 (Aug. 16, 2013), 2013 WL 5303905 (Miss. A.G.), your Office explained that if a municipal judge pro tempore has not been appointed or is absent or unable to serve, "the municipal judge may designate any justice court judge of the county or municipal judge of another municipality to serve in his place." The opinion's summary likewise states that the municipal judge "may appoint any justice court judge of the county or municipal judge of another municipality to serve as judge pro tempore," demonstrating that the substance of the statutory authority-not the particular verb used in the order-is controlling. Mr. Petrini's argument rests almost entirely on the order's use of the word "appoint" rather than "designate" despite the fact that the legal effect of Judge Simpson's action was the designation authorized by § 21-23-9.

Finally, Mr. Petrini has available legal remedies to challenge any alleged error in the municipal proceedings, including recusal motions, appropriate motions before the municipal court, and, if convicted, a trial de novo in the County Court. A quo warranto proceeding does not appear to be the proper procedural vehicle to litigate those issues. Moreover, because a quo warranto action is brought in the name of the State pursuant to Miss. Code Ann. § 11-39-3, Mr. Petrini's ability to prosecute such an action pro se, as a non-lawyer not licensed to practice law in Mississippi, presents a substantial procedural question.

I appreciate your consideration of these matters. Should your Office require any additional documentation or information concerning the underlying proceedings, I would be pleased to provide it.

Respectfully submitted,

Tim C. Holleman
Boyce Holleman & Associates
1720 23rd Ave./Boyce Holleman Blvd.
Gulfport, Ms 39501

1:26-cv-00094-LG-RPM             Page 6

| EXHIBIT B | VERIDEX | DOCUMENT |
|---|---|---|
| trim_exB.pdf | 216.5 KB · SHA-256: ecab964f5a0319b5... | | [VERIFIED] |

Office: 228-863-3142<tel:228-863-3142>
Fax: 228-863-9829<tel:228-863-9829>
Cell: 228-297-3142<tel:228-297-3142>
Email: tim@boyceholleman.com<mailto:tim@boyceholleman.com>

Link for Google Review:
https://search.google.com/local/writereview?placeid=ChIJZYvCgdkXnIgRgAzo7awr8zM

The Honorable Lynn Fitch Attorney General of the State of Mississippi Public Integrity Division 550 High Street, Suite 1200 Jackson, MS 39201 investigations@ago.ms.gov   Dear General Fitch:   I have received a copy of Mr. Yuri Petrini's correspondence entitled "Request for Quo Warranto Proceedings — Scott H. Lusk." Because the letter contains several factual and legal assertions concerning matters in which I represent parties, I believe it appropriate to provide additional information that may assist your Office in evaluating his request. First, Mr. Petrini represents himself in his letter as "a citizen of the State of Mississippi." That characterization appears  to be inconsistent with his own prior federal pleading. In July 2024, Mr. Petrini filed a Complaint for Writ of Mandamus in the United States District Court for the Southern District of Mississippi, Civil Action No. 1:24-cv-225, in which he affirmatively alleged that he is an Italian citizen residing in Biloxi, Mississippi, with a pending application to adjust his immigration status to lawful permanent resident through an employment-based National Interest Waiver petition. I have enclosed a copy of that complaint for your review.   I am unsure of his legal status, perhaps your office could determine such. Second, your Office should be aware of Mr. Petrini's extensive litigation history. To date, he has filed at least five federal civil actions in the Southern District of Mississippi naming approximately fifty defendants: Civil Action Nos. 1:25-cv-178, 1:25-cv-233, 1:25-cv-254, 1:26-cv-069, and 1:26-cv-094. In Civil Action No. 1:25-cv-178, United States District Judge Louis Guirola entered Orders of Dismissal and Final Judgment, copies of which are enclosed. In those orders, Judge Guirola observed that there were nonfrivolous claims that Mr. Petrini "is engaged in malicious or vexatious litigation." The Court also discussed Mr. Petrini's apparent motives for pursuing portions of his litigation. See, e.g., pages 36 through 39 of the Court's Order. Those observations provide important context for evaluating the present request. Third, Mr. Petrini's description of the appointment of Judge Scott Lusk materially omits the statutory framework under which that designation occurred. Biloxi has two regularly appointed municipal judges, Judges Stephen Simpson and James Steele, both of whom serve as salaried municipal judges. The City also has a duly appointed municipal judge pro tempore, Judge Apryl Ready, who serves on an as-needed basis and is compensated hourly when called upon to serve. Although "pro tempore" is Latin for "for the time being" or "temporarily," the practical effect is that the municipal judge pro tempore serves only when a regularly sitting municipal judge is unavailable. At the time the underlying criminal charges were filed against Petrini, Judge Steele was unavailable because of medical issues, and Judge Ready had recused herself due to Mr. Petrini's pending litigation against her. Accordingly, Judge Ready, as the municipal judge pro tempore, was "unable ... to serve" within the meaning of Miss. Code Ann. § 21-23-9. Under those circumstances, Judge Simpson designated Scott H. Lusk, the duly elected Municipal Judge of the City of D'Iberville, to preside over the matter before recusing himself. This procedure is expressly authorized by § 21-23-9. The statute distinguishes between two separate acts: (1) the appointment of a municipal judge pro

1:26-cv-00094-LG-RPM                            Page 7

**EXHIBIT B**  VERIDEX  DOCUMENT

trim_exB.pdf | 216.5 KB · SHA-256: ecab964f5a0319b5...  [VERIFIED]

tempore by the governing authorities; and (2) the designation of a justice court judge or municipal judge of another municipality by the municipal judge when the pro tempore judge is absent or unable to serve. Judge Simpson did not appoint Judge Lusk to the office of municipal judge pro tempore. Rather, he designated an already-qualified municipal judge from another municipality to serve temporarily in a particular matter, precisely as contemplated by the statute. Indeed, your predecessor Attorney General has previously interpreted § 21-23-9 in the same manner. In Attorney General Opinion No. 2013-00279 (Aug. 16, 2013), 2013 WL 5303905 (Miss. A.G.), your Office explained that if a municipal judge pro tempore has not been appointed or is absent or unable to serve, "the municipal judge may designate any justice court judge of the county or municipal judge of another municipality to serve in his place." The opinion's summary likewise states that the municipal judge "may appoint any justice court judge of the county or municipal judge of another municipality to serve as judge pro tempore," demonstrating that the substance of the statutory authority—not the particular verb used in the order—is controlling. Mr. Petrini's argument rests almost entirely on the order's use of the word "appoint" rather than "designate" despite the fact that the legal effect of Judge Simpson's action was the designation authorized by § 21-23-9. Finally, Mr. Petrini has available legal remedies to challenge any alleged error in the municipal proceedings, including recusal motions, appropriate motions before the municipal court, and, if convicted, a trial de novo in the County Court. A quo warranto proceeding does not appear to be the proper procedural vehicle to litigate those issues. Moreover, because a quo warranto action is brought in the name of the State pursuant to Miss. Code Ann. § 11-39-3, Mr. Petrini's ability to prosecute such an action pro se, as a non-lawyer not licensed to practice law in Mississippi, presents a substantial procedural question. I appreciate your consideration of these matters. Should your Office require any additional documentation or information concerning the underlying proceedings, I would be pleased to provide it.   Respectfully submitted,   Tim C. Holleman Boyce Holleman & Associates 1720 23rd Ave./Boyce Holleman Blvd. Gulfport, Ms 39501 Office: 228-863-3142 Fax:   228-863-9829 Cell: 228-297-3142 Email: tim@boyceholleman.com           Link for Google Review: https://search.google.com/local/writereview?placeid=ChIJZYvCgdkXnIgRgAzo7awr8zM

VDX-CONTROLLED // CHAIN OF CUSTODY MAINTAINED // 0010101

trim_exB.pdf | 216.5 KB · SHA-256: ecab964f5a0319b5...      [VERIFIED]

## EXHIBIT B     1:26-cv-00094-LG-RPM

| | |
|---|---|
| **Date:** | Thu, 25 Jun 2026 22:06:07 +0000    **Msg-ID:** <CHAPR22MB94228767E69B436D02... |
| **From:** | Tim Holleman (Tim Holleman (DEFENSE COUNSEL)) |
| **To:** | "investigations@ago.ms.gov" |
| **CC:** | "Yuri Petrini (PLAINTIFF)" (Yuri Petrini (PLAINTIFF)), Jarrod Lewis Fusco , Zachary Cruthirds (Zachary Cruthirds (DEFENSE COUNSEL)), Michael Whitehead (Michael Whitehead (City Planner - PMP)), "Joseph H. Ros" (J. Henry Ros (DEFENSE COUNSEL)) |
| **Subject:** | RE: Request for Quo Warranto by Yuri Petrini |
| **Thread:** | 19f00c6ac3196528    **Labels:** IMPORTANT, CATEGORY_PERSO... |
| **Attach:** | image001.png, image002.png, Final Judgment.pdf, Order of Dismissal remain Defendant 25cv178.pdf, Order of Dismissal Biloxi only 25cv178 (2) (1).pdf |

### INTEGRITY & ORIGIN VERIFICATION

| | |
|---|---|
| **DKIM:** ■ N/A | **SPF:** ■ N/A |
| **SHA-256:** f49466dd000a8327f2959dca... | **Custodian:** 0010101 |

### MESSAGE BODY

Sorry forgot to attach.

Tim C. Holleman
Boyce Holleman & Associates
1720 23rd Ave./Boyce Holleman Blvd.
Gulfport, Ms 39501
Office: 228-863-3142<tel:228-863-3142>
Fax: 228-863-9829<tel:228-863-9829>
Cell: 228-297-3142<tel:228-297-3142>
Email: tim@boyceholleman.com<mailto:tim@boyceholleman.com>


Link for Google Review:
https://search.google.com/local/writereview?placeid=ChIJZYvCgdkXnIgRgAzo7awr8zM




From: Tim Holleman
Sent: Thursday, June 25, 2026 4:54 PM
To: investigations@ago.ms.gov
Cc: yuri@megalopolisms.com; Jarrod Lewis Fusco <milesapartjf@gmail.com>; Zachary Cruthirds <zcruthirds@curriejohnson.com>; Michael Whitehead <michael.whitehead@pmp.org>; Joseph H. Ros <hros@curriejohnson.com>
Subject: Request for Quo Warranto by Yuri Petrini

The Honorable Lynn Fitch

1:26-cv-00094-LG-RPM        Page 9

Attorney General of the State of Mississippi
Public Integrity Division
550 High Street, Suite 1200
Jackson, MS 39201
investigations@ago.ms.gov<mailto:investigations@ago.ms.gov>

Dear General Fitch:

I have received a copy of Mr. Yuri Petrini's correspondence entitled "Request for Quo Warranto Proceedings - Scott H. Lusk." Because the letter contains several factual and legal assertions concerning matters in which I represent parties, I believe it appropriate to provide additional information that may assist your Office in evaluating his request.

First, Mr. Petrini represents himself in his letter as "a citizen of the State of Mississippi." That characterization appears to be inconsistent with his own prior federal pleading. In July 2024, Mr. Petrini filed a Complaint for Writ of Mandamus in the United States District Court for the Southern District of Mississippi, Civil Action No. 1:24-cv-225, in which he affirmatively alleged that he is an Italian citizen residing in Biloxi, Mississippi, with a pending application to adjust his immigration status to lawful permanent resident through an employment-based National Interest Waiver petition. I have enclosed a copy of that complaint for your review. I am unsure of his legal status, perhaps your office could determine such.

Second, your Office should be aware of Mr. Petrini's extensive litigation history. To date, he has filed at least five federal civil actions in the Southern District of Mississippi naming approximately fifty defendants: Civil Action Nos. 1:25-cv-178, 1:25-cv-233, 1:25-cv-254, 1:26-cv-069, and 1:26-cv-094. In Civil Action No. 1:25-cv-178, United States District Judge Louis Guirola entered Orders of Dismissal and Final Judgment, copies of which are enclosed. In those orders, Judge Guirola observed that there were nonfrivolous claims that Mr. Petrini "is engaged in malicious or vexatious litigation." The Court also discussed Mr. Petrini's apparent motives for pursuing portions of his litigation. See, e.g., pages 36 through 39 of the Court's Order. Those observations provide important context for evaluating the present request.

Third, Mr. Petrini's description of the appointment of Judge Scott Lusk materially omits the statutory framework under which that designation occurred. Biloxi has two regularly appointed municipal judges, Judges Stephen Simpson and James Steele, both of whom serve as salaried municipal judges. The City also has a duly appointed municipal judge pro tempore, Judge Apryl Ready, who serves on an as-needed basis and is compensated hourly when called upon to serve. Although "pro tempore" is Latin for "for the time being" or "temporarily," the practical effect is that the municipal judge pro tempore serves only when a regularly sitting municipal judge is unavailable.

At the time the underlying criminal charges were filed against Petrini, Judge Steele was unavailable because of medical issues, and Judge Ready had recused herself due to Mr. Petrini's pending litigation against her. Accordingly, Judge Ready, as the municipal judge pro tempore, was "unable ... to serve" within the meaning of Miss. Code Ann. § 21-23-9. Under those circumstances, Judge Simpson designated Scott H. Lusk, the duly elected Municipal Judge of the City of D'Iberville, to preside over the matter before recusing himself.

This procedure is expressly authorized by § 21-23-9. The statute distinguishes between two separate acts: (1) the appointment of a municipal judge pro tempore by the governing authorities; and (2) the designation of a justice court judge or municipal judge of another municipality by the municipal judge when the pro tempore judge is absent or unable to serve.

Judge Simpson did not appoint Judge Lusk to the office of municipal judge pro tempore. Rather, he designated an already-qualified municipal judge from another municipality to serve temporarily in a particular matter, precisely as contemplated by the statute.

1:26-cv-00094-LG-RPM                    Page 10

trim_exB.pdf | 216.5 KB · SHA-256: ecab964f5a0319b5... [VERIFIED]

Indeed, your predecessor Attorney General has previously interpreted § 21-23-9 in the same manner. In Attorney General Opinion No. 2013-00279 (Aug. 16, 2013), 2013 WL 5303905 (Miss. A.G.), your Office explained that if a municipal judge pro tempore has not been appointed or is absent or unable to serve, "the municipal judge may designate any justice court judge of the county or municipal judge of another municipality to serve in his place." The opinion's summary likewise states that the municipal judge "may appoint any justice court judge of the county or municipal judge of another municipality to serve as judge pro tempore," demonstrating that the substance of the statutory authority-not the particular verb used in the order-is controlling. Mr. Petrini's argument rests almost entirely on the order's use of the word "appoint" rather than "designate" despite the fact that the legal effect of Judge Simpson's action was the designation authorized by § 21-23-9.

Finally, Mr. Petrini has available legal remedies to challenge any alleged error in the municipal proceedings, including recusal motions, appropriate motions before the municipal court, and, if convicted, a trial de novo in the County Court. A quo warranto proceeding does not appear to be the proper procedural vehicle to litigate those issues. Moreover, because a quo warranto action is brought in the name of the State pursuant to Miss. Code Ann. § 11-39-3, Mr. Petrini's ability to prosecute such an action pro se, as a non-lawyer not licensed to practice law in Mississippi, presents a substantial procedural question.

I appreciate your consideration of these matters. Should your Office require any additional documentation or information concerning the underlying proceedings, I would be pleased to provide it.

Respectfully submitted,

Tim C. Holleman
Boyce Holleman & Associates
1720 23rd Ave./Boyce Holleman Blvd.
Gulfport, Ms 39501
Office: 228-863-3142<tel:228-863-3142>
Fax: 228-863-9829<tel:228-863-9829>
Cell: 228-297-3142<tel:228-297-3142>
Email: tim@boyceholleman.com<mailto:tim@boyceholleman.com>

Link for Google Review:
https://search.google.com/local/writereview?placeid=ChIJZYvCgdkXnIgRgAzo7awr8zM

Sorry forgot to attach.   Tim C. Holleman Boyce Holleman & Associates 1720 23rd Ave./Boyce Holleman Blvd. Gulfport, Ms 39501 Office:  228-863-3142 Fax:    228-863-9829 Cell:    228-297-3142 Email:  tim@boyceholleman.com                Link for Google Review: https://search.google.com/local/writereview?placeid=ChIJZYvCgdkXnIgRgAzo7awr8zM        From: Tim Holleman Sent: Thursday, June 25, 2026 4:54 PM To: investigations@ago.ms.gov Cc: yuri@megalopolisms.com; Jarrod Lewis Fusco <milesapartjf@gmail.com>; Zachary Cruthirds <zcruthirds@curriejohnson.com>; Michael Whitehead <michael.whitehead@pmp.org>; Joseph H. Ros <hros@curriejohnson.com> Subject: Request for Quo Warranto by Yuri Petrini   The Honorable Lynn Fitch Attorney General of the State of Mississippi Public Integrity Division 550 High Street, Suite 1200 Jackson,

1:26-cv-00094-LG-RPM                          Page 11

EXHIBIT B                              VERIDEX                              DOCUMENT

trim_exB.pdf | 216.5 KB · SHA-256: ecab964f5a0319b5...                              [VERIFIED]

MS 39201 investigations@ago.ms.gov   Dear General Fitch:   I have received a copy of Mr. Yuri Petrini's correspondence entitled "Request for Quo Warranto Proceedings — Scott H. Lusk." Because the letter contains several factual and legal assertions concerning matters in which I represent parties, I believe it appropriate to provide additional information that may assist your Office in evaluating his request. First, Mr. Petrini represents himself in his letter as "a citizen of the State of Mississippi." That characterization appears  to be inconsistent with his own prior federal pleading. In July 2024, Mr. Petrini filed a Complaint for Writ of Mandamus in the United States District Court for the Southern District of Mississippi, Civil Action No. 1:24-cv-225, in which he affirmatively alleged that he is an Italian citizen residing in Biloxi, Mississippi, with a pending application to adjust his immigration status to lawful permanent resident through an employment-based National Interest Waiver petition. I have enclosed a copy of that complaint for your review.  I am unsure of his legal status, perhaps your office could determine such. Second, your Office should be aware of Mr. Petrini's extensive litigation history. To date, he has filed at least five federal civil actions in the Southern District of Mississippi naming approximately fifty defendants: Civil Action Nos. 1:25-cv-178, 1:25-cv-233, 1:25-cv-254, 1:26-cv-069, and 1:26-cv-094. In Civil Action No. 1:25-cv-178, United States District Judge Louis Guirola entered Orders of Dismissal and Final Judgment, copies of which are enclosed. In those orders, Judge Guirola observed that there were nonfrivolous claims that Mr. Petrini "is engaged in malicious or vexatious litigation." The Court also discussed Mr. Petrini's apparent motives for pursuing portions of his litigation. See, e.g., pages 36 through 39 of the Court's Order. Those observations provide important context for evaluating the present request. Third, Mr. Petrini's description of the appointment of Judge Scott Lusk materially omits the statutory framework under which that designation occurred. Biloxi has two regularly appointed municipal judges, Judges Stephen Simpson and James Steele, both of whom serve as salaried municipal judges. The City also has a duly appointed municipal judge pro tempore, Judge Apryl Ready, who serves on an as-needed basis and is compensated hourly when called upon to serve. Although "pro tempore" is Latin for "for the time being" or "temporarily," the practical effect is that the municipal judge pro tempore serves only when a regularly sitting municipal judge is unavailable. At the time the underlying criminal charges were filed against Petrini, Judge Steele was unavailable because of medical issues, and Judge Ready had recused herself due to Mr. Petrini's pending litigation against her. Accordingly, Judge Ready, as the municipal judge pro tempore, was "unable ... to serve" within the meaning of Miss. Code Ann. § 21-23-9. Under those circumstances, Judge Simpson designated Scott H. Lusk, the duly elected Municipal Judge of the City of D'Iberville, to preside over the matter before recusing himself. This procedure is expressly authorized by § 21-23-9. The statute distinguishes between two separate acts: (1) the appointment of a municipal judge pro tempore by the governing authorities; and (2) the designation of a justice court judge or municipal judge of another municipality by the municipal judge when the pro tempore judge is absent or unable to serve. Judge Simpson did not appoint Judge Lusk to the office of municipal judge pro tempore. Rather, he designated an already-qualified municipal judge from another municipality to serve temporarily in a particular matter, precisely as contemplated by the statute. Indeed, your predecessor Attorney General has previously interpreted § 21-23-9 in the same manner. In Attorney General Opinion No. 2013-00279 (Aug. 16, 2013), 2013 WL 5303905 (Miss. A.G.), your Office explained that if a municipal judge pro tempore has not been appointed or is absent or unable to serve, "the municipal judge may designate any justice court judge of the county or municipal judge of another municipality to serve in his place." The opinion's summary likewise states that the municipal judge "may appoint any justice court judge of the county or municipal judge of another municipality to serve as judge pro tempore," demonstrating that the substance of the statutory authority—not the particular verb used in the order—is controlling. Mr. Petrini's argument rests almost entirely on the order's use of the word "appoint" rather than "designate" despite the fact that the legal effect of Judge Simpson's action was the designation authorized by § 21-23-9. Finally, Mr. Petrini has available legal remedies to

1:26-cv-00094-LG-RPM                              Page 12

EXHIBIT B                                    VERIDEX                                    DOCUMENT

trim_exB.pdf | 216.5 KB · SHA-256: ecab964f5a0319b5...                                    [VERIFIED]

challenge any alleged error in the municipal proceedings, including recusal motions, appropriate motions before the municipal court, and, if convicted, a trial de novo in the County Court. A quo warranto proceeding does not appear to be the proper procedural vehicle to litigate those issues. Moreover, because a quo warranto action is brought in the name of the State pursuant to Miss. Code Ann. § 11-39-3, Mr. Petrini's ability to prosecute such an action pro se, as a non-lawyer not licensed to practice law in Mississippi, presents a substantial procedural question. I appreciate your consideration of these matters. Should your Office require any additional documentation or information concerning the underlying proceedings, I would be pleased to provide it.   Respectfully submitted,    Tim C. Holleman Boyce Holleman & Associates 1720 23rd Ave./Boyce Holleman Blvd. Gulfport, Ms 39501 Office:  228-863-3142 Fax:    228-863-9829 Cell:  228-297-3142 Email:  tim@boyceholleman.com                 Link for Google Review: https://search.google.com/local/writereview?placeid=ChIJZYvCgdkXnIgRgAzo7awr8zM

**VDX-CONTROLLED // CHAIN OF CUSTODY MAINTAINED // 0010101**

1:26-cv-00094-LG-RPM                          Page 13

## EXHIBIT B                                             1:26-cv-00094-LG-RPM

**Date:** Fri, 26 Jun 2026 15:10:23 +0000          **Msg-ID:** <CHAPR22MB942287D5B304E2BF73...

**From:** Tim Holleman (Tim Holleman (DEFENSE COUNSEL))

**To:** "investigations@ago.ms.gov"

**CC:** Jarrod Lewis Fusco , Zachary Cruthirds (Zachary Cruthirds (DEFENSE COUNSEL)), Michael Whitehead (Michael Whitehead (City Planner - PMP)), "Joseph H. Ros" (J. Henry Ros (DEFENSE COUNSEL)), Yuri Petrini (Yuri Petrini (PLAINTIFF))

**Subject:** RE: Request for Quo Warranto by Yuri Petrini

**Thread:** 19f00c6ac3196528                         **Labels:** IMPORTANT, CATEGORY_PERSO...

**Attach:** image001.png, image002.png, Amended Complaint 26cv00094.pdf

## INTEGRITY & ORIGIN VERIFICATION

**DKIM:** ■ N/A                                       **SPF:** ■ N/A

**SHA-256:** 22f5083794d8596e8f90f6ae...            **Custodian:** 0010101

## MESSAGE BODY

Dear General Fitch:

See attached Amended Complaint in Civil Action No. 26cv0094 filed by Mr. Petrini and Mr. Fusco. Mr. Petrini's false allegations in the lawsuit and his ridiculous attacks on the designation of Scott Lusk as the designated municipal judge in accordance with Miss Code § 21-23-9 have direct effect on my clients, Apryl Ready, Michael Whitehead and Harrison County, Mississippi. I have every right as their counsel to respond to Mr. Petrini diatribes. In fact, he mentions several of my clients in his letter more than once. I also have every right to make sure your office is getting the truth and not Mr. Petrini's version.

I do question whether a non-citizen has a right to ask the AG's office to bring a Quo Warranto action and certainly the standing to file a pro se action if your office refuses to do so, which is his threat "I would far prefer to stand alongside the Attorney General than before the Court alone." But that is for your office to decide, not me or Mr. Petrini. Mr. Petrini may be a resident of Mississippi but he admits, I think, now is not a "citizen of Mississippi".

Apparently Mr. Petrini does not think much of your office's opinions, however the opinion is based upon the expressed language of Miss Code § 21-23-9 which clearly states: … "in the event a municipal judge pro tempore is not appointed or is absent or unable for any reason to serve, any justice court judge of the county or municipal judge of another municipality may serve in his place with the same power and authority upon designation by the municipal judge."

Mr. Petrini claims to have four law degrees from multiple countries and claims he is attending Loyola law school, but he can't read a simple statute and AG opinion, directly contrary to this "Quo Warranto" request. His only response was your opinions are "advisory only", however the opinion interprets a plain and unambiguous statute Miss Code § 21-23-9 regardless. I know your time is valuable and to forward his voluminous Request for Quo Warranto in face of such unambiguous statute is quite frankly an offensive waste

1:26-cv-00094-LG-RPM                     Page 14

of taxpayer dollars. However if you read Judge Guirola's opinion you will see that is Mr. Petrini's expressed desire - "Strategy 4: Make It Expensive".

I apologize for further responding but as you will experience Mr. Petrini cannot stop and will continue. He attacks the messenger rather than addressing the issues as usual.

Tim C. Holleman
Boyce Holleman & Associates
1720 23rd Ave./Boyce Holleman Blvd.
Gulfport, Ms 39501
Office: 228-863-3142<tel:228-863-3142>
Fax: 228-863-9829<tel:228-863-9829>
Cell: 228-297-3142<tel:228-297-3142>
Email: tim@boyceholleman.com<mailto:tim@boyceholleman.com>

Link for Google Review:
https://search.google.com/local/writereview?placeid=ChIJZYvCgdkXnIgRgAzo7awr8zM

From: Yuri Petrini <yuri@megalopolisms.com>
Sent: Friday, June 26, 2026 8:55 AM
To: Tim Holleman <tim@boyceholleman.com>
Cc: investigations@ago.ms.gov; Jarrod Lewis Fusco <milesapartjf@gmail.com>; Zachary Cruthirds <zcruthirds@curriejohnson.com>; Michael Whitehead <michael.whitehead@pmp.org>; Joseph H. Ros <hros@curriejohnson.com>
Subject: Re: Request for Quo Warranto by Yuri Petrini

Dear General Fitch

Please see attached my response to Counsel for the Harrison County Board, Judge Apryl Ready for the City of Biloxi and Counsel Michal Whitehead, whose is the subject to a motion to disqualify for conflict of interest and does not represent Hon. Lusk, who is the subject of this matter

Respectfully yours

VDX-CONTROLLED // CHAIN OF CUSTODY MAINTAINED // 0010101