| EXHIBIT C | VERIDEX | DOCUMENT |
|---|---|---|
| trim_exC.pdf \| 116.9 KB · SHA-256: fb757b3a803c98c0... | | [VERIFIED] |

## EXHIBIT C                                                    1:26-cv-00094-LG-RPM

| | |
|---|---|
| **Date:** Sat, 27 Jun 2026 19:25:51 -0400 | **Msg-ID:** <CAHJ0YwkMMuvfT11UuWMso+FA+Z... |
| **From:** Yuri Petrini (PLAINTIFF) | |
| **To:** Tim Holleman (DEFENSE COUNSEL) | |
| **CC:** noah.noble@wlox.com, calee@sunherald.com, ebrianrose@gmail.com, milesapartjf@gmail.com | |
| **Subject:** Notice and request for comment — forthcoming series on Securix, Flock cameras, and related matters | |
| **Thread:** 19f0b6331e12fb8d | **Labels:** SENT |
| **Attach:** None | |

### INTEGRITY & ORIGIN VERIFICATION

| | |
|---|---|
| **DKIM:** ■ N/A | **SPF:** ■ N/A |
| **SHA-256:** 520c43d8142356e4ff04e4bd... | **Custodian:** 0010101 |

### MESSAGE BODY

Mr. Holleman,

I am writing from People vs Biloxi (peoplevsbiloxi.com) to give you advance notice of, and an opportunity to comment on, a forthcoming series of articles. The reporting examines Securix, the deployment of Flock automated license-plate-reader (ALPR) cameras on the Mississippi Gulf Coast, and your role in these matters. It draws on public records, court filings, and correspondence authored by you.

This series concerns matters of public concern — the integrity of public office, the use of public funds and public contracts, and the conduct of public officials and the lawyers who act for them on the Mississippi Gulf Coast. It is part of this publication's ongoing reporting on political corruption and government accountability, and it will form part of the comeback of People vs Biloxi. The inquiry that follows, and the reporting it supports, are protected newsgathering, free-press, and petitioning activity under the First Amendment to the United States Constitution and Article 3, Section 13 of the Mississippi Constitution.

Our purpose is the truth. We are giving you this advance notice and a full opportunity to respond before publication precisely so that whatever we publish is accurate, fair, and grounded in verified records and your own account — not in unverified assertion. We would rather print your explanation than leave it out. We extend this opportunity in good faith, and any published account will reflect the facts of record and the response you choose to give.

We would like to know whether you would be open to answering questions. We will give your response full and fair treatment, correct any factual error you identify, and include any context you provide. Among the matters we intend to report on:

1. Your role, and any financial or professional interest, in Securix and the Flock ALPR camera program.

2. The "Securix" program itself — the private, for-profit automated license-plate

| EXHIBIT C | VERIDEX | DOCUMENT |
|---|---|---|
| trim_exC.pdf \| 116.9 KB · SHA-256: fb757b3a803c98c0... | | [VERIFIED] |

"uninsured motorist" ticketing scheme that, as reported, summoned motorists to a purported municipal-court "appearance" that was in fact a meeting with the company's own employee, and which is now the subject of a Mississippi State Auditor complaint, class-action litigation, and a transfer of disputed funds into federal court. What was your understanding of, and involvement in, that program?

3. A bulletin or alert issued concerning Mr. Petrini, and the use of Flock ALPR cameras in connection with it. Mr. Petrini understands that a bulletin was issued identifying him and that Flock automated license-plate-reader cameras were used in connection with it. We intend to ask: are you aware of any such bulletin; and what was your involvement, if any, in its creation or dissemination, or in the use of Flock camera data to flag, track, or locate Mr. Petrini or his vehicle?

4. Your two emails dated December 2, 2022 (subject "FW: Divine"), reproduced as Exhibit C to the pending Motion to Disqualify in the federal litigation, concerning the criminal charging of Ms. Amy Divine. In the first you wrote: "Please consider charging Ms Divine since she violated the diversion program." In the second, the same day: "I have [asked] Robert to make sure the city charges Ms Divine ... I have also spoke to Robert[;] he is meeting with the Judge and Police Chief next week to discuss all the cases where notices have been sent and hopefully charging Devine." Court records reflect that, at that time, you were counsel for Securix and that Ms. Divine had sued Securix (Divine v. American Digital Security, No. 3:22-cv-00510 (S.D. Miss.)). What is the context of these emails, and your response?

5. Your June 17, 2026 communication to co-plaintiff Jarrod Fusco. In an email to Mr. Petrini and Mr. Fusco enclosing a draft Rule 11 motion for sanctions, you wrote: "Mr. Fusco if you advise that Mr. Petrini prepared these pleadings not you, then I will delete from the Motion for Sanctions, otherwise you are just as responsible as he is." We are examining whether offering to remove a self-represented litigant from a sanctions motion in exchange for a statement implicating his co-plaintiff reflects a broader pattern of using legal threats to pressure adversaries. How do you respond, and do you regard that communication as consistent with your professional obligations?

6. What appears to be a campaign of smear and retaliation, and your relationship with the publishers of "Operation Icebreaker." We are examining an apparent link between your communications and the "Operation Icebreaker" publications associated with Anthony "Parrot Head" and Troy Mosher, and whether that activity is part of a broader pattern of retaliation against your clients' civil adversaries and critics. Based on documented interactions and surrounding evidence, we intend to ask: What is the nature of your relationship with these publishers? Have you, directly or indirectly, provided them with court filings, draft materials, or strategic guidance in connection with their publications? If so, in what capacity and on whose behalf?

7. Your connection to Gregory Scott Stewart and Kenny Glavan, and your April 2, 2026 contact with this publication. On April 2, 2026, you contacted People vs Biloxi, unsolicited, to dispute our reporting, asserting in your own words that "Greg Stewart the ex lawyer is not the same Greg Stewart that owns the hotels to my understanding." You have indicated that you do not represent Mr. Glavan, Mr. Stewart, or Lodging & Leisure. We intend to ask: what is your connection to Gregory Scott Stewart and to Kenny Glavan, and on what basis, and on whose behalf, did you intervene to dispute reporting concerning parties you say you do not represent?

8. Your involvement in the designation of Judge Scott H. Lusk, and your June 25-26, 2026 correspondence to the Mississippi Attorney General's Public Integrity Division. After Mr. Petrini submitted a quo warranto referral to Attorney General Lynn Fitch concerning Judge Lusk's designation as a special municipal judge of Biloxi, you wrote to that office in

1:26-cv-00094-LG-RPM                    Page 6

VERIDEX PAGE 28 OF 47

defense of the designation, stating that the matter has "direct effect on my clients, Apryl Ready, Michael Whitehead and Harrison County," and that you had "every right as their counsel to respond." You did not list Judge Lusk among your clients. In that same correspondence you also represented facts concerning non-clients – for example, that Judge James Steele "was unavailable because of medical issues," and that Judge Stephen Simpson "designated" Judge Lusk and did so with a particular statutory purpose. We intend to ask: What was your involvement, if any, in obtaining or preparing the order designating Judge Lusk? On what basis do you have personal knowledge of Judge Steele's asserted unavailability and of Judge Simpson's asserted reasoning, given that you represent neither judge? What is the nature of your relationship with Judge Lusk, including whether you have a personal relationship with him, and any professional connection during his service as an Assistant District Attorney for Harrison County? And in what capacity, and on whose behalf, did you act, given that you represent the Harrison County Board of Supervisors and not the City of Biloxi?

9. Your involvement, if any, in the events surrounding the criminal charging, arrest, and restraint of Mr. Petrini and Mr. Fusco. Mr. Petrini publishes People vs Biloxi, and Mr. Fusco administers a civic Facebook page. In April 2026 they were charged under Miss. Code Ann. § 97-29-45 — a statute providing that "news organizations shall not be criminally liable under this section" — and, after every sitting Biloxi municipal judge and prosecutor had recused, were arrested on May 5, 2026 and held for approximately nine hours, before a judge installed through the designation described above. The federal complaint further alleges a municipal standing order sealing and restricting the use of discovery, which it characterizes as a prior restraint. We intend to ask: what was your involvement, if any, in the charging, arrest, or restraint of these two journalists, and in the entry of the sealing order?

10. Any retaliation against E. Brian Rose of GCWire. GCWire, the Gulf Coast news outlet published by E. Brian Rose, has reported on Securix and related matters. We intend to ask: have you been involved, directly or indirectly, in any act of retaliation against Mr. Rose or GCWire in connection with that reporting?

11. Your recent remarks, in your capacity as attorney to the Harrison County Board of Supervisors, concerning the "Petrini" litigation at a meeting of the Board. We intend to report on what you said about that litigation, and we will ask you to confirm or clarify those remarks and the basis for them.

12. The interlocking legal representation across the City of Biloxi, the City of Ocean Springs, and Harrison County: you serve as attorney to the Harrison County Board of Supervisors, have acted as counsel for Securix, and now defend a Biloxi municipal judge in federal litigation. We intend to report on this web of representations and any contracts under which these public bodies engage common counsel and, in effect, operate on one another's behalf. How do you describe these arrangements?

13. Your connection, if any, to Michael F. Cavanaugh, to Kerry Cavanaugh-Stoddard, and to the Tivoli (Biloxi Capital LLC) casino project in East Biloxi. Our reporting and public records identify Michael F. Cavanaugh — a past president of the Harrison County Bar Association — as the gaming-licensing attorney of record for the Tivoli (Biloxi Capital LLC) casino development and other Coast casinos, and his daughter, Kerry Cavanaugh-Stoddard, as the owner of The Prime Time Agency, which our reporting indicates produced Mayor Gilich's 2025 re-election advertising. As attorney to the Harrison County Board of Supervisors, what is the nature of your relationship, professional or personal, with Michael F. Cavanaugh and with Kerry Cavanaugh-Stoddard, and what is your involvement, if any, in the Tivoli casino project?

14. Social associations with individuals who are subjects of this publication's

1:26-cv-00094-LG-RPM                          Page 7

reporting. We intend to ask whether you regularly attend private gatherings — for example, gentlemen's gatherings at Mary Mahoney's in Biloxi — with Judge Scott Lusk, Peter Abide, Mayor Andrew "Fofo" Gilich, or others who are subjects of this publication's reporting, and to describe the nature of those associations.

15. The statutory limits, if any, on the Harrison County Board of Supervisors retaining or acting through outside counsel, and whether the present arrangement complies with Mississippi law.

The series will address additional related topics as well. Would you be willing to answer questions on the matters set out above? You may reply directly to this email, or telephone us, and we will print any statement you provide in full, or note that you declined to comment. Please respond within seven (7) days of this email. If you prefer to designate someone to respond on your behalf, that is fine.

You can reach us at press@peoplevsbiloxi.com or (305) 504-1323.

Sincerely,
The Editors
People vs Biloxi
peoplevsbiloxi.com

VDX-CONTROLLED // CHAIN OF CUSTODY MAINTAINED // 0010101

1:26-cv-00094-LG-RPM                     Page 8

## EXHIBIT C    1:26-cv-00094-LG-RPM

**Date:** Sun, 28 Jun 2026 00:26:28 +0000    **Msg-ID:** <CHAPR22MB9422873B9DFE9C3AE0...

**From:** Tim Holleman (Tim Holleman (DEFENSE COUNSEL))

**To:** "Yuri Petrini (PLAINTIFF)" (Yuri Petrini (PLAINTIFF)), "milesapartjf@gm"

**CC:** "noah.noble@wlox.com" , "calee@sunherald.com" , "ebrianrose@gmail.com" , Judge Guirola (District Judge Guirola Chambers), MSSDdb_Myers_Chambers (Magistrate Judge Myers Chambers), "investigations@ago.ms.gov" , "W. Crosby Parker" , "Buckner, Jonathan (USAMSS)" , Michael Whitehead (Michael Whitehead (City Planner - PMP)), Zachary Cruthirds (Zachary Cruthirds (DEFENSE COUNSEL)), "Joseph H. Ros" (J. Henry Ros (DEFENSE COUNSEL))

**Subject:** Re: Notice and request for comment — forthcoming series on Securix, Flock cameras, and related matters

**Thread:** 19f0b6331e12fb8d    **Labels:** IMPORTANT, CATEGORY_PERSO...

**Attach:** image.png

### INTEGRITY & ORIGIN VERIFICATION

| | |
|---|---|
| **DKIM:** ■ N/A | **SPF:** ■ N/A |
| **SHA-256:** 7851fe480ef8830e37374a6a... | **Custodian:** 0010101 |

### MESSAGE BODY

Mr. Petrini and Mr. Fusco,

It is not coincidental that your email follows the United States District Court's entry of an order yesterday referring my Motion [32] to Dismiss Count XXX of the Amended Complaint and Motion [81] for Sanctions to the Magistrate for an evidentiary hearing and my opposition to your ridiculous (and wrong) request for quo warranto action to the Ms Attorney General.

I will not comment on any of your yet again ridiculous false claims/assertions/innuendos, except to say that I warn you, as I have warned you before, your statements and claims are and have been in past and present nothing short of false and defamatory not only as to me but to many others. Your threats will be viewed as just that, the 1st Amendment does not protect you from defamation and other potential actions, including potential criminal misconduct. You, and Mr. Fusco, are advised to seek the advice of good attorneys, including one with criminal experience, as in my opinion you will need a couple in the near future.

It is amazing you seem to not be able to address the issues in your lawsuit(s) instead you constantly seek to attack everyone including counsel representing your opponents in the lawsuits, such is a clear sign of weakness of mind and certainly character. Such abusive conduct is sanctionable under the Court's inherent power which includes extrajudicial communications intended to harass or intimidate opposing parties, their counsel, or the Court.

By copy of this email I am contemporaneously copying Judge Guirola, Magistrate Myers, District Attorney Crosby Parker, AUSA Jonathan Buckner, investigations@ago.ms.gov, and all counsel of record so that they are aware of your attempt to threaten, harass and intimidate me, as an officer of the court, from representing my respective clients in federal civil litigation.

EXHIBIT C

VERIDEX

trim_exC.pdf | 116.9 KB · SHA-256: fb757b3a803c98c0...

[VERIFIED]

Tim C. Holleman

Boyce Holleman & Associates

1720 23rd Ave./Boyce Holleman Blvd.

Gulfport, Ms 39501

Office: 228-863-3142<tel:228-863-3142>

Fax: 228-863-9829<tel:228-863-9829>

Cell: 228-297-3142<tel:228-297-3142>

Email: tim@boyceholleman.com<mailto:tim@boyceholleman.com>

VDX-CONTROLLED // CHAIN OF CUSTODY MAINTAINED // 0010101

1:26-cv-00094-LG-RPM

Page 10